UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE CHARLES and TIM DUNN, Individually and as Co-Administrators of the ESTATE OF HARRY DUNN, and NIALL DUNN, Individually,<br><br>*Plaintiffs*,<br>v.<br><br>ANNE SACOOLAS and JONATHAN SACOOLAS,<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Charlotte Charles and Tim Dunn, individually and as Co-Administrators of the Estate of Harry Dunn, and Niall Dunn, individually, file this Complaint against Defendants Anne Sacoolas and Jonathan Sacoolas, jointly and severally, for the wrongful death of Harry Dunn, and allege as follows:

## INTRODUCTION

1. This case arises out of a tragic and fatal accident that occurred on or about August 27, 2019, along B4031 near Croughton, Northamptonshire, England. Defendant Anne Sacoolas was driving an automobile, owned in whole or in part by Defendant Jonathan Sacoolas, on the wrong side of the road when she hit 19-year-old Harry Dunn on his motorcycle, causing him catastrophic injuries that ultimately led to his death.

2. Defendant Anne Sacoolas did not call an ambulance for Harry. Instead, she left Harry to suffer as he lay face down on the side of the road, afraid of dying, fully conscious with multiple broken bones, including open fractures on both legs and both arms, and internal injuries. Tragically, Harry died as a result of the catastrophic injuries he suffered in the accident.

3. Defendant Anne Sacoolas promised to cooperate with the British police in the investigation of the accident. But rather than stay in the United Kingdom, where she and her husband were living and working, Defendant Anne Sacoolas fled to the United States.

4. The British Crown Prosecution Service charged Defendant Anne Sacoolas with causing Harry's death by dangerous driving. But Defendant Anne Sacoolas has refused to return to the United Kingdom to face Britain's justice system. Harry's parents have, therefore, brought this suit on their own behalf and on behalf of the Estate of Harry Dunn in Virginia, where Defendant Anne Sacoolas resides.

## PARTIES

5. Harry's mother, Plaintiff Charlotte Charles was appointed as Co-Administrator of Harry Dunn's Estate on July 29, 2020. See Exhibit A. Plaintiff Charles is a citizen of the United Kingdom and resides in Charlton, Oxfordshire, United Kingdom.

6. Harry's father, Plaintiff Tim Dunn, was appointed as Co-Administrator of Harry Dunn's Estate on July 29, 2020. See Exhibit A. Plaintiff Dunn is a citizen of the United Kingdom and resides in Brackley, Northamptonshire, United Kingdom.

7. At the time of his death, Harry was a citizen of the United Kingdom and resided in Banbury, Northhamptonshire, United Kingdom.

8. Niall Dunn is Harry's twin brother. He is a citizen of the United Kingdom and resides in Charlton, Oxfordshire, United Kingdom.

9. Defendant Anne Sacoolas is a United States citizen and a citizen of Virginia, where she resides in the city of Herndon.

10. Defendant Jonathan Sacoolas is a United States citizen and a citizen of Virginia, where he resides in the city of Herndon.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(2) as this action involves citizens of the State of Virginia and citizens of the United Kingdom, a foreign state.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this judicial district.

## FACTUAL ALLEGATIONS

13. Prior to the accident, Defendant Anne Sacoolas had been living in the United Kingdom for several weeks and had been driving a large Volvo XC90 SUV, owned in whole or in part by Defendant Jonathan Sacoolas, for errands, transporting her children, and buying goods for her new home. The steering wheel of the SUV was located on the right side of the vehicle.

14. On the evening of the accident, on or about August 27, 2019, Defendant Anne Sacoolas was driving the SUV from the RAF Croughton United States Air Force base to her home, going westbound along B4031 Park End.

15. At that time, Harry, who was only 19 years old, was lawfully and safely riding his motorcycle eastbound on B4031 near Croughton, Northamptonshire, England.

16. Harry was properly licensed, well rested, and very familiar with his motorcycle, with riding motorcycles in general, and with the B4031 roadway. He was wearing a full-face helmet for protection and was riding his motorcycle properly and within the law. He had his lights on, was not under the influence of any alcohol or drugs, was traveling within the speed limit, and was not talking or texting on his phone.

17. Despite having lived and driven in the United Kingdom for several weeks and driving a British model SUV with the steering wheel on the right side, Defendant Anne Sacoolas drove on the wrong side of the road.

18. While she was driving on the wrong side of the road, Defendant Anne Sacoolas hit Harry head on. He was catapulted off his motorcycle and into the front of her SUV, leaving blood and clothing embedded in the front windshield, and landed to the side of the SUV.

19. As a result of the impact with Defendant Anne Sacoolas' vehicle, Harry had multiple open fractures, painful degloving injuries, and internal injuries. Both his upper and lower arm was broken on the left side, and he had an open and degloved fracture of his right arm. Both of Harry's legs suffered open fractures. His left leg sustained open fractures in both the upper and lower leg. And he also suffered extensive pelvic and abdominal injuries.

20. Thanks to his helmet, Harry suffered only a mild head injury. He was conscious during and after the impact. He lay awake, alone, and in pain, knowing that he was badly hurt and dying, facedown by the side of the road.

21. Defendant Anne Sacoolas had a cellphone with her.

22. Defendant Anne Sacoolas did not call the police to report the accident.

23. After seeing Harry conscious, severely injured, and in pain, Defendant Anne Sacoolas did not call for an ambulance for Harry.

24. Defendant Anne Sacoolas' conduct in failing to report the accident or seek medical assistance for Harry was willful or wanton, or so recklessness as to evince a conscious disregard for the safety of Harry.

25. A few minutes after the accident, a passerby stopped at the scene. This passerby, not Defendant Anne Sacoolas, called for an ambulance.

26. When paramedics arrived, Harry was conscious, breathing, and able to speak with them.

27. Harry was able to tell the arriving emergency personnel that Defendant Anne Sacoolas had been driving on the wrong side of the road and that she hit him with her SUV.

28. Harry's father, Plaintiff Tim Dunn, was able to arrive at the scene and reach Harry before he was put into the ambulance.

29. Plaintiff Tim Dunn saw the Defendants' SUV still sitting on the wrong side of the road.

30. Plaintiff Tim Dunn watched as doctors and paramedics worked on Harry at the accident scene. He vividly recalls seeing "bones sticking out everywhere" from his son's body. Plaintiff Dunn saw that Harry was awake. Harry told his father that he could not breathe. Plaintiff Dunn observed that Harry seemed very anxious and scared. Plaintiff Tim Dunn tried to reassure his son, although he could see that every breath and attempt Harry took to stay alive caused him excruciating pain.

31. An emergency doctor confirmed to Plaintiff Tim Dunn that Harry was struggling to breathe. The medical staff loaded Harry into the ambulance, and that was the last time Plaintiff Tim Dunn saw Harry alive.

32. Harry was conscious, in excruciating pain, and not sedated for well over an hour.

33. Harry fought for his life on the side of the road and in the ambulance.

34. Harry died at the hospital after the extraordinary measures taken to save his life failed.

35. By reason of the sudden and unexpected shock of seeing the aftermath of the collision and watching his son Harry struggle for his life in extreme pain and discomfort, Plaintiff Tim Dunn has suffered lasting, severe emotional distress and injury.

36. Since the collision, Plaintiff Tim Dunn has reflected often on what he witnessed and has suffered from deep sadness, sleeplessness, headaches, a lack of energy, and irritability. He missed work as a result.

37. After the accident, Defendant Anne Sacoolas admitted the accident was her fault, as she was driving on the wrong side of the road.

38. After Defendant Anne Sacoolas promised the British police that she would cooperate in their investigation, she was permitted to return to her home in Croughton. Despite her promise, on or about September 15, 2019 Defendant Anne Sacoolas departed the United Kingdom, without notifying the local police and refused to return. Defendant Anne Sacoolas' departure and subsequent refusal to return caused public outrage in both the United Kingdom and the United States.

39. After additional investigation, the British Crown Prosecution Service charged Defendant Anne Sacoolas with causing Harry's death by dangerous driving.

40. The United Kingdom made an extradition request to the United States, which was denied. The State Department described the denial as final.

41. Defendant Anne Sacoolas is not immune from suit in the United States.

42. The conduct of Defendant Anne Sacoolas directly and proximately caused the accident and Harry's subsequent injuries and death.

43. Defendant Anne Sacoolas' conduct had, and continues to have, substantial consequences. Her negligent driving, coupled with her failure to call an ambulance, caused

Harry's pain and suffering and eventual death.  Harry's father, Plaintiff Tim Dunn, witnessed his son's suffering and saw the extent of his injuries at the crash site.  And Harry's parents, Plaintiff Charles and Plaintiff Tim Dunn, have not only suffered the loss of their son, but have also endured additional pain and suffering as a result of Defendant Anne Sacoolas' actions in leaving the United Kingdom and willfully refusing to be held to account under Britain's justice system. These subsequent actions are an aggravating and continuing feature of Defendant Anne Sacoolas' initial wrongdoing and have served to prolong and continue to prolong and render more significant the injuries suffered by all Plaintiffs.

44. Defendant Jonathan Sacoolas has vicarious liability for the conduct, actions, errors, or omissions committed by Defendant Anne Sacoolas while operating the subject vehicle owned in whole or in part by Jonathan Sacoolas.

45. As a direct and proximate result of Defendant Anne Sacoolas' negligent operation of her vehicle and failure to report the accident or seek medical assistance for Harry, Harry lost his life, and the Plaintiffs have suffered injuries and mental anguish, and have incurred medical and related expenses, as well as lost wages.

46. As a direct and proximate result of Defendant Anne Sacoolas absconding to the United States, Plaintiffs have suffered additional injuries and mental anguish, and have incurred medical and related expenses, as well as lost wages.

47. All conditions precedent to the filing of this action have been met or waived.

## FIRST CLAIM FOR RELIEF

Negligence on behalf of the Estate
Against Defendant Anne Saclooas

48. Plaintiffs re-allege paragraphs 1 to 47, above.

49. Defendant Anne Sacoolas had a duty to drive on the correct side of the road, to obey all roadway laws, to keep her vehicle under proper control, to pay full attention, to take due care to not collide with other vehicles, and to operate her vehicle in a safe and prudent manner.

50. In addition, Defendant Anne Sacoolas had a duty to refrain from driving if she could not drive safely.

51. Having caused the accident, Defendant Anne Sacoolas also had a duty to report the accident and to seek medical assistance for Harry.

52. Notwithstanding such duties, Defendant did not drive on the correct side of the road, failed to obey all roadway laws, failed to keep her vehicle under proper control, failed to pay full time and attention, failed to take due care to not collide with other vehicles, failed to operate her vehicle in a safe and prudent manner, and failed to report the accident or seek medical assistance for Harry.

53. As a direct and proximate cause of the Defendant Anne Sacoolas' failures to exercise duties of ordinary care, Harry Dunn suffered grievous bodily injury, experienced mental pain and anguish, became aware that he would not likely survive his injuries, and incurred medical bills and other related expenses.

54. As a direct and proximate cause of the Defendant Anne Sacoolas' conduct, the Estate of Harry Dunn incurred funeral costs and related expenses.

WHEREFORE, Plaintiffs Charlotte Charles and Tim Dunn, as the Co-Administrators of the Estate of Harry Dunn, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Anne Sacoolas, and request trial by jury on all issues so triable.

## SECOND CLAIM FOR RELIEF

Negligence on behalf of the Estate
Against Defendant Jonathan Sacoolas

55. Plaintiffs re-allege paragraphs 1 to 47, above.

56. Pursuant to the doctrine of vicarious liability, because Jonathan Sacoolas was the owner, in whole or in part, of the subject vehicle, he is vicariously liable, jointly and severally, for all the damages caused by Defendant Anne Sacoolas' operation of said vehicle.

57. Defendant Anne Sacoolas was driving her and Jonathan Sacoolas' children home from dinner with Jonathan Sacoolas at the time of the collision.

58. As a direct and proximate cause of the Defendant Anne Sacoolas' failures to exercise duties of ordinary care, for which Jonathan Sacoolas is vicariously liable, Harry Dunn suffered grievous bodily injury, experienced mental pain and anguish, became aware that he would not likely survive his injuries, and incurred medical bills and other related expenses.

59. As a direct and proximate cause of the Defendant Anne Sacoolas' conduct, the Estate of Harry Dunn incurred funeral costs and related expenses.

WHEREFORE, Plaintiffs Charlotte Charles and Tim Dunn, as the Co-Administrators of the Estate of Harry Dunn, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Jonathan Sacoolas, and request trial by jury on all issues so triable.

## THIRD CLAIM FOR RELIEF

Breach of Duty on behalf of the Estate
Against Defendant Anne Sacoolas

60. Paragraphs 1 to 47 re-alleged here.

61. Defendant Anne Sacoolas had a duty to seek assistance for Harry Dunn after negligently injuring him.

62. Notwithstanding such duty, Defendant Anne Sacoolas failed to call for an ambulance, despite having the means to do so, or otherwise come to Harry's aid.

63. As a direct and proximate cause of Defendant Sacoolas' breach of duty, Harry Dunn experienced prolonged suffering and his chance of survival was diminished.

WHEREFORE, Plaintiffs Charlotte Charles and Tim Dunn, as the Co-Administrators of the Estate of Harry Dunn, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Anne Sacoolas, and request trial by jury on all issues so triable.

### FOURTH CLAIM FOR RELIEF

Negligent Entrustment on behalf of the Estate
Against Jonathan Sacoolas

64. Plaintiffs re-allege paragraphs 1 to 47 above.

65. At all materials times, Defendant Jonathan Sacoolas knew or should have known that Defendant Anne Sacoolas was not reasonably fit to safely operate or otherwise be in possession of the motor vehicle at the time of the accident.

66. At all material times, however, Defendant Jonathan Sacoolas permitted Defendant Anne Sacoolas to operate the subject motor vehicle at the time of the accident.

67. At all material times, it was foreseeable that Defendant Anne Sacoolas could pose a risk of harm to individuals like Harry Dunn and others similarly situated, and was likely to use the vehicle in a manner that would cause harm to individuals like Harry Dunn and others similarly situated.

68. As a direct and proximate cause of the Defendant Jonathan Sacoolas' failures to exercise duties of ordinary care, Harry Dunn suffered grievous bodily injury, experienced mental

pain and anguish, became aware that he would not likely survive his injuries, and incurred medical bills and other related expenses.

69. As a direct and proximate cause of the Defendant Jonathan Sacoolas' conduct, the Estate of Harry Dunn incurred funeral costs and related expenses.

70. The Estate of Harry Dunn has lost the income of decedent and has incurred medical and funeral expenses due to the decedent's injury and death.

WHEREFORE, Plaintiffs Charlotte Charles and Tim Dunn, as the Co-Administrators of the Estate of Harry Dunn, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Jonathan Sacoolas, and request trial by jury on all issues so triable.

## FIFTH CLAIM FOR RELIEF

Wrongful Death on behalf of the Estate, Charlotte Charles, Tim Dunn and Niall Dunn
Against Defendant Anne Sacoolas

71. Plaintiffs re-allege paragraphs 1 to 47, above.

72. As a direct and proximate cause of Defendant's failures to exercise duties of ordinary care, Harry Dunn suffered grievous bodily injury resulting in his death.

73. As a direct and proximate result of Defendant Anne Sacoolas' negligence, Harry Dunn suffered fatal injuries and Defendant Anne Sacoolas is responsible for his death and damages as set forth below:

    a. Charlotte Charles, the surviving parent of Harry Dunn, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Virginia law;

  b. Tim Dunn, the surviving parent of Harry Dunn, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Virginia law; and

  c. Niall Dunn, the surviving sibling of Harry Dunn, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Virginia law; and

  d. The Estate of Harry Dunn has lost the income of decedent and has incurred medical and funeral expenses due to the decedent's injury and death

WHEREFORE, Plaintiffs Charlotte Charles and Tim Dunn, individually and as the Co-Administrators of the Estate of Harry Dunn, and Niall Dunn individually, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Anne Sacoolas, and request trial by jury on all issues so triable.

## SIXTH CLAIM FOR RELIEF

Wrongful Death on behalf of the Estate, Charlotte Charles, Tim Dunn and Niall Dunn against Defendant Jonathan Sacoolas

74. Plaintiffs re-allege paragraphs 1 to 47, above

75. As a direct and proximate cause of Defendant Anne Sacoolas' failures to exercise duties of ordinary care, for which Jonathan Sacoolas is vicariously liable, Harry Dunn suffered grievous bodily injury resulting in his death.

76. As a direct and proximate cause of Defendant Jonathan Scoolas' failure to exercise duties of reasonable care, Harry Dunn suffered grievous bodily injury and eventually died.

77. As a direct and proximate cause of the negligence of Defendant Anne Sacoolas, for which Jonathan Sacoolas is vicariously liable, and the negligence of Defendant Jonathan Sacoolas, Harry's mother, father, and twin brother have suffered deep sorrow, severe mental anguish, the loss of society, loss of companionship, loss of home services, and loss of comfort, guidance, and advice of the decedent.

78. As a direct and proximate result of the negligence of Defendant Anne Sacoolas, for which Jonathan Sacoolas is vicariously liable, and the negligence of Defendant Jonathan Sacoolas, the Estate of Harry Dunn has incurred medical expenses and funeral expenses.

79. As a direct and proximate result of Defendant Anne Sacoolas' negligence, for which Jonathan Sacoolas is vicariously liable, and the negligence of Defendant Jonathan Sacoolas, Harry Dunn suffered fatal injuries and the Defendant is responsible for his death and damages as set forth below:

    a. Charlotte Charles, the surviving parent of Harry Dunn, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Virginia law;

    b. Tim Dunn, the surviving parent of Harry Dunn, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Virginia law; and

    c. Niall Dunn, the surviving sibling of Harry Dunn, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and

companionship, and all other damages and expenses allowed under Virginia law; and

d. The Estate of Harry Dunn has lost the income of decedent and has incurred medical and funeral expenses due to the decedent's injury and death.

WHEREFORE, Plaintiffs Charlotte Charles and Tim Dunn, individually and as the Co-Administrators of the Estate of Harry Dunn, and Niall Dunn individually, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Jonathan Sacoolas, and request trial by jury on all issues so triable.

## SEVENTH CLAIM FOR RELIEF

Wrongful Death (Fatal Accidents Act 1976 (UK)) on behalf of Charlotte Charles, Tim Dunn, and Niall Dunn against Defendant Anne Sacoolas

80. Plaintiffs re-allege paragraphs 1 to 47, above.

81. Plaintiffs Charlotte Charles, Tim Dunn, and Niall Dunn are Harry Dunn's dependents under the Fatal Accidents Act 1976.

82. As a direct and proximate cause of Defendant Anne Sacoolas' failures to exercise duties of ordinary care, Harry Dunn suffered grievous bodily injury and eventually died.

83. As a direct and proximate cause of the negligence of the Defendant, Harry's mother, father, and brother have suffered injury including deep sorrow, severe mental anguish, the loss of society, loss of companionship, loss of affection, loss of home services, loss of future economic support, loss of comfort, guidance, and advice of the decedent, and other intangible benefits and have incurred funeral costs and related expenses.

WHEREFORE, Plaintiffs Charlotte Charles, Tim Dunn, and Niall Dunn, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-

judgment interest, against Defendant Anne Sacoolas, and request trial by jury on all issues so triable.

### EIGHTH CLAIM FOR RELIEF

Wrongful Death (Fatal Accidents Act 1976 (UK)) on behalf of Charlotte Charles, Tim Dunn, and Niall Dunn against Defendant Jonathan Sacoolas

84. Plaintiffs re-allege paragraphs 1 to 47, above.

85. Plaintiffs Charlotte Charles, Tim Dunn, and Niall Dunn are Harry Dunn's dependents under the Fatal Accidents Act 1976.

86. As a direct and proximate cause of Defendant Anne Sacoolas' failures to exercise duties of ordinary care, for which Defendant Jonathan Sacoolas is vicariously liable, Harry Dunn suffered grievous bodily injury and eventually died.

87. As a direct and proximate cause of Defendant Jonathan Sacoolas' failure to exercise duties of reasonable care, Harry Dunn suffered grievous bodily injury and eventually died.

88. As a direct and proximate cause of the negligence of Defendant Anne Sacoolas' negligence, for which Jonathan Sacoolas is vicariously liable, and the negligence of Defendant Jonathan Sacoolas, Harry's mother, father, and brother have suffered injury including deep sorrow, severe mental anguish, the loss of society, loss of companionship, loss of affection, loss of home services, loss of future economic support, loss of comfort, guidance, and advice of the decedent, and other intangible benefits and have incurred funeral costs and related expenses.

WHEREFORE, Plaintiffs Charlotte Charles, Tim Dunn, and Niall Dunn, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Jonathan Sacoolas, and request trial by jury on all issues so triable.

### NINTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress on behalf of Charlotte Charles, Tim Dunn and Niall Dunn Against Defendant Anne Sacoolas

89. Plaintiffs re-allege paragraphs 1 to 47 above.

90. Defendant Anne Sacoolas' willful, wanton, or reckless conduct and conscious disregard for Harry and the Plaintiffs had, and continues to have, substantial consequences. Her negligent driving, coupled with her decision not to report the accident or call an ambulance not only caused Harry's death, but also prolonged his conscious pain and suffering, and diminished his chances of survival. Her decision to leave Great Britain and avoid the justice system, after assuring the local police that she would cooperate in their investigation, caused Plaintiffs additional pain and suffering and led to extreme emotional distress for the Plaintiffs.

91. Defendant Anne Sacoolas' actions in failing to report the accident, failing to request medical assistance for Harry when he was catastrophically injured as a result of her actions, and fleeing justice by absconding to the United States to avoid taking responsibility for having killed 19-year-old Harry Dunn go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized community.

92. As a direct and proximate cause of the Defendant Anne Sacoolas' conduct, Harry's mother, father, and brother have experienced extreme mental suffering, mental anguish, mental or nervous shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, sleeplessness, anxiety, headaches, physical pain, and nausea. Further, Plaintiffs have experienced physical manifestations of the extreme emotional distress they have suffered as a result of Defendant's conduct.

WHEREFORE, Plaintiffs Charlotte Charles, Tim Dunn, and Niall Dunn, individually, demand judgment for compensatory damages, punitive damages, and costs, including prejudgment

and post-judgment interest, against Defendant Anne Sacoolas, and request trial by jury on all issues so triable.

## TENTH CLAIM FOR RELIEF

Negligence on behalf of Plaintiff Tim Dunn
Against Defendant Anne Sacoolas

93. Plaintiffs re-allege paragraphs 1 to 47, above.

94. As a direct and proximate cause of the negligence of Defendant Anne Sacoolas, Plaintiff Tim Dunn witnessed the aftermath of the collision shortly after it occurred and saw his son Harry dying while in visible pain.

95. By reason of the sudden and unexpected shock of seeing the aftermath of the collision and watching his son Harry struggle for his life in extreme pain and discomfort, Plaintiff Tim Dunn has suffered psychiatric injury, including deep sadness, sleeplessness, headaches, a lack of energy, and irritability. There was a close tie of love and affection between Plaintiff Tim Dunn and Harry and his psychiatric injury was a reasonably foreseeable consequence of Defendant Jonathan Sacoolas' negligence.

WHEREFORE, Plaintiff Tim Dunn, individually, demands judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Anne Sacoolas, and request trial by jury on all issues so triable.

## ELEVENTH CLAIM FOR RELIEF

Negligence on behalf of Plaintiff Tim Dunn
Against Defendant Jonathan Sacoolas

96. Plaintiffs re-allege paragraphs 1 to 47, above.

97. As a direct and proximate cause of the negligence of Defendant Anne Sacoolas, for which Defendant Jonathan Sacoolas is vicariously liable, Plaintiff Tim Dunn witnessed the

aftermath of the collision shortly after it occurred and saw his son Harry dying while in visible pain.

98. By reason of the sudden and unexpected shock of seeing the aftermath of the collision and watching his son Harry struggle for his life in extreme pain and discomfort, Plaintiff Tim Dunn has suffered psychiatric injury, including deep sadness, sleeplessness, headaches, a lack of energy, and irritability. There was a close tie of love and affection between Plaintiff Tim Dunn and Harry and his psychiatric injury was a reasonably foreseeable consequence of Defendant Jonathan Sacoolas' negligence.

WHEREFORE, Plaintiff Tim Dunn, individually, demands judgment for compensatory damages, punitive damages, and costs, including prejudgment and post-judgment interest, against Defendant Jonathan Sacoolas, and request trial by jury on all issues so triable.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury of all issues for which they have a right to demand a trial by jury.

Dated this 9th day of September, 2020.

Respectfully submitted,

*By:* /s/ Steven J. Toll
Steven J. Toll, VSB #15300
Agnieszka M. Fryszman*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Stoll@cohenmilstein.com
AFryszman@cohenmilstein.com

Theodore J. Leopold*
Leslie M. Kroeger*
Poorad Razavi*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
prazavi@cohenmilstein.com

*Attorneys for Plaintiffs*

*\*Motions for Admission Pro Hac Vice Pending*