UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CHARLOTTE CHARLES and TIM DUNN, )
Individually and as Co-Administrators of the )
ESTATE OF HARRY DUNN, and )
NIALL DUNN, Individually, )
                                                             )   Case No. 1:20-cv-01052
      Plaintiffs, )
v. )
        )
ANNE SACOOLAS and JONATHAN )
SACOOLAS, )
        )
      Defendants. )

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants, Anne Sacoolas and Jonathan Sacoolas, by counsel and for their Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, state as follows:

### I.    INTRODUCTION

The accident at issue in this case occurred near Croughton, Northamptonshire, England. Compl. ¶¶ 1, 19. Liability and causation are not disputed. The sole focus of this case is damages, in which Plaintiffs seek to recover monies. Plaintiffs concede that English substantive law governs this case. In making this concession, Plaintiffs have withdrawn all of their claims under Virginia law.[1] Should this case proceed, it is exclusively governed by the Law Reform (Miscellaneous Provision) Act of 1934 ("LRA") and the Fatal Accidents Act of 1976 ("FAA"). The Law Reform

---

[1] Specifically, Plaintiffs have withdrawn Count IV (Negligent Entrustment on behalf of the Estate Against Jonathan Sacoolas); Count V (Wrongful Death on behalf of the Estate, Charlotte Charles, Tim Dunn and Niall Dunn Against Defendant Anne Sacoolas); Count VI (Wrongful Death on behalf of the Estate, Charlotte Charles, Tim Dunn and Niall Dunn against Defendant Jonathan Sacoolas); and Count IX (Intentional Infliction of Emotional Distress on behalf of Charlotte Charles, Tim Dunn and Niall Dunn Against Defendant Anne Sacoolas).

1

Act of 1934 and the Fatal Accidents Act of 1976 set forth specific definitions, requirements, and remedies. Since English law governs plaintiffs' claims, the accident occurred in England, all witnesses, treating medical providers, first responders, and family members are in England, England is the most convenient, available, and proper forum for this action. Accordingly, Defendants respectfully move to dismiss this case in its entirety under the doctrine of *forum non conveniens* and, alternatively, move for partial dismissal under Rule 12(b)(6).

## II. ENGLAND IS THE PROPER FORUM FOR THIS ACTION

England is both an available and adequate forum. As set forth in Exhibit 1, *Expert Opinion on English Law by Howard Palmer, QC*, attached herein, this action can be heard by the High Court of Justice. Exh. 1, ¶ 17. The accident at issue occurred near Croughton, Northamptonshire, England. The Plaintiffs, responding emergency personnel, treating medical providers, police, and witnesses are in England. Plaintiffs concede that English law governs their claims and have withdrawn all of their claims pleaded under Virginia law. ECF-16, p. 2. Since Defendants do not dispute liability, their presence is not needed for any hearing in England regarding damages.

Specifically, when a quantum only, *i.e.* damages only, defense, which includes an admission of liability, is served in the UK, the claimant, *i.e.* plaintiff, bears the burden of proof in respect to any damages alleged. Exh. 1, ¶¶ 21-23. Upon admission of liability the UK court will then enter judgment on liability, with damages *to be assessed* and give directions to the parties to obtain and serve any evidence they intend to rely on. Exh. 1, ¶ 23. The UK court will also direct the parties to engage a form of ADR prior to trial on the damages. See id. A great majority of quantum only cases are resolved without going to trial. Exh 1, ¶ 29. If this case were to resolve on agreed terms, the UK Court would enter an order, without requiring any in-person hearing by the parties. If the case is not resolved in ADR, the case will be listed for a quantum only trial, where

the parties will call their quantum only evidence. Accordingly, a UK court will be able to fully and fairly assess and adjudicate plaintiffs' claim for damages arising from this incident. Exh. 1, ¶¶ 21-29.

Plaintiffs rely on Galustain v. Peter, 591 F.3d 724 (4th Cir. 2010). In Galustain, the court explained that "'[o]rdinarily, [the availability] requirement will be satisfied when the defendant is 'amenable to process' in the [foreign] jurisdiction.'" 591 at 731 (*citing* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258 (1981) (holding that plaintiff's showing that substantive law of an alternative forum would be less favorable to plaintiff was insufficient to overcome defendant's motion to dismiss on grounds of *forum non conveniens*). "However, in certain cases the alternate forum is unavailable 'where the remedy offered by the other forum is clearly unsatisfactory' or when the other forum does not provide for a cause of action for the plaintiff's alleged injury. As to the second factor, a forum is considered adequate when '(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the same benefits as they might receive in an American court.'" See id. (internal citations omitted).

In this case, plaintiffs have conceded that this action is governed by English law. Accordingly, transferring this action to the UK would not deprive plaintiffs of any available remedy under the LRA or FAA. Plaintiffs have attached declarations from five witnesses, all of which are in the UK. Requiring these individuals to travel to the United States is unnecessary and unreasonable for this action. The only connection to the United States is Anne Sacoolas, who does not dispute liability and has consented to service of process in England. Consenting to service of process in England is sufficient to establish personal jurisdiction. Exh. 1, *Expert Opinion on English Law by Howard Palmer, QC*, ¶¶ 18-20. As set forth in the letter from Rt Hon Dominic

3

Raab MP, attached to plaintiffs' Opposition, "[i]t is of course up to the US courts to decide the issue of venue…" This letter confirms, "the UK is party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters." Accordingly, if necessary, any taking of evidence from Defendants can be obtained through the Hague Convention. However, when liability is not at issue, there is no need to present evidence to prove any circumstances of the accident.

Plaintiffs would not be treated unfairly by adjudicating this action in the UK. Plaintiffs attached numerous articles to their Opposition, which clearly demonstrate England's substantial interest in resolution of this case. Further, any judgment against Defendants in this matter will be safeguarded against Defendants' insurer pursuant to section 151 of the Road Traffic Act of 1998 (the "RTA"). An insurer in the UK is required to satisfy any judgment obtained against its insured. This is true for any judgment against Defendants in this matter. Exh. 1, *Expert Opinion on English Law by Howard Palmer, QC*, ¶¶ 38-39. Accordingly, *any* judgment against Defendants in this action is enforceable against USAA Limited, Defendants' insurer. The fact that Defendants do not have assets in the UK and are unwilling to travel to the UK has no bearing or effect on Plaintiffs ability to collect a judgment in the UK against Defendants.

Additionally, Plaintiffs continue to have a direct cause of action against USAA Limited "and can pursue this right of action for exactly the same remedies arising out of the accident as are available against the Defendants personally." Exh. 1, ¶ 30. As set forth in Exhibit 1, *Expert Opinion on English Law by Howard Palmer, QC*, both Plaintiffs and Defendants have misconstrued the statutory framework which provides a direct cause of against Defendants' insurer.[2] It is The European Communities (Rights against Insurers) Regulations 2002, SI 2002/3061, as confirmed

---

[2] This is yet another reason why the UK is a more appropriate forum. This case requires in-depth interpretation, analysis, and application of English law.

4

by the *Motor Vehicles (Compulsory Insurance and Rights Against Insurers) (Amendment) (EU Exit) Regulations*, SI 2020/945, which provides a direct cause of action against the insurer and demonstrates that such direct cause of action will survive the United Kingdom's exit from the European Union. Exh. 1, ¶¶ 31-37. According to the Amendment, even after the UK ceases to be a "Member State" of the EU "UK residents will nevertheless fall within the entitlement of the regulations." Exh. 1, *Expert Opinion on English Law by Howard Palmer, QC*, ¶¶ 36-37.

This action is exclusively governed by English law. The relevant witnesses and parties are in England. Defendants do not dispute causation in any way and consent to service in the UK. Further, any discovery from Defendants can be obtained pursuant to the Hague Convention. Any judgment entered against Defendants is recoverable pursuant to section 151 of the RTA. The UK has a substantial interest and social stake in the outcome of this litigation. The UK is the proper and most available and adequate forum to adjudicate this case. Accordingly, this case should be dismissed in its entirety under the doctrine of *forum non conveniens*.

### III. FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Plaintiffs have withdrawn all claims based upon Virginia law set forth in the Complaint. In doing so, Plaintiffs concede that this action is governed by English Law, *i.e.* the LRA and FAA. Additionally, Plaintiffs seek to amend the Complaint to include additional allegations to support recovery under the provisions of the LRA and FAA. Accordingly, Plaintiffs concede that the remaining claims and remedies at issue are exclusively governed and determined by the LRA and the FAA.

#### a. The Estates Causes of Action Are Governed by the Law Reform (Miscellaneous Provisions) Act 1934

The LRA exclusively provides for survival of a deceased's causes of action. Accordingly and as Plaintiffs concede, Counts I, II[3], and III of the Complaint are strictly governed by the LRA and its remedies. ECF 16, p. 20; ECF 16-1, *Declaration of Catherine Foster*, ¶ 10. In relation to this concession, Plaintiffs seek leave to amend the Complaint to reference the LRA in support of the remaining claims by the estate[4]. ECF 16, p. 21. In this case, pursuant to the LRA, the estate may only recover general damages for pain and suffering and loss of amenity which the deceased endured prior to death as well a funeral expenses. The LRA specifically excludes recovery for "(i) any exemplary damages; (ii) any damages for loss of income in respect to any period after that person's death." §2(a)(i)-(ii). This is not disputed by Plaintiffs.

### b. The Fatal Accidents Act Provides the Exclusive Remedy for Claims by the Beneficiaries

Plaintiffs admit that the FAA governs claims and available damages on behalf of the beneficiaries. ECF 16, p. 22; ECF 16-1, *Declaration of Catherine Foster*, ¶¶10, 17-21. Since Harry Dunn was not a minor at the time of his death; the beneficiaries are not entitled to bereavement damages. FAA, Section 1(3)(c) and/or (g). This is confirmed by Plaintiffs as well – "Defendants are correct that Plaintiffs are not entitled to recover bereavement damages because Harry was no longer a minor at the time of his death…" ECF 16, p. 22. However, Plaintiffs allege that the beneficiaries are entitled to intangible benefits pursuant to the FAA. ECF 16, p. 22.

Plaintiffs' request to amend to include allegations in support of a claim of intangible benefits misconstrues the UK statute, the FAA, at issue. As described in detail in *Expert Opinion*

---

[3] However, Plaintiffs have failed to state a plausible claim against Jonathan Sacoolas under any theory of law.

[4] Since Plaintiffs have withdrawn all Virginia law-based claims set forth in the Complaint. The only surviving claims by the estate are Count I (Negligence on behalf of the Estate against Defendant Anne Sacoolas), Count II (Negligence on behalf of the Estate Against Defendant Jonathan Sacoolas), and Count III (Breach of Duty on behalf of the Estate Against Anne Sacoolas).

*on English Law by Howard Palmer, QC*, ¶¶ 60-84, because Plaintiffs cannot recover any bereavement damages, Plaintiffs in this case are strictly limited to recovery of "pecuniary damages" under the FAA. As specifically stated in *McGregor on Damages*, the leading textbook on the English Law of Damages, Plaintiffs in this instance are restricted "to damages for the loss of <u>pecuniary</u> benefit arising for the relationship which would be derived from the continuance of the life." Exh. 1, ¶ 66. Accordingly, pursuant to English law, "it is essential that the dependents prove that, but for the death of the deceased, he would have provided a pecuniary benefit to the dependents…" Exh. 1, ¶ 69. However, in this case, plaintiffs have failed make any allegations to support a claim for pecuniary damages under the FAA. For instance, there are no allegations that "the deceased provided any part of his income (if any – there is no evidence or plea that he had any income) to his parents or brother; or would have done so at some stage in the future…[n]or is there any case put forward that he provided services, with a pecuniary value, to his family before his death." Exh. 1, ¶ 70-73, fn. 19-22. There are no allegations at issue that would support pecuniary damages under the FAA in this case.

In English law an award for 'intangible benefits' is only applicable when assessing the "head of loss" concept in English law, *i.e.* when recovery of direct pecuniary damages (*e.g.* an invoice for a substitute service) is insufficient for the factual scenario at issue. Exh. 1¶ 74. For instance, this occurs when a deceased was always able to perform a service or household repair, *e.g.* replacing a blown fuse instead of hiring an electrician. See id. Another example includes the loss of a loving mother who would have been involved in raising her young children. Exh. 1, ¶ 76. However, awards for the additional 'intangible benefits' are often nominal, *e.g.* the award for the intangible benefit under the latter example was "of the order of £5,000 and not more. Exh. 1, ¶ 77 (*citing McGregor on Damages*). In this case, Harry Dunn was not a father of young children who

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

lost the love and affection and upbringing of their father; nor are there any allegations that he performed any services or tasks around the house for his parents or brother that cannot now be performed by his father or brother; there is therefore no viable claim for 'intangible benefits.' Further, courts have failed to establish clear precedent on the basis of their award of intangible benefits, in the rare instances that they are in fact awarded. Exh. 1, ¶79.

Specifically, "English law does not permit an award for any sort of 'general damages for loss of amenity' arising out of the difference between the (now lost) service being provided by the deceased and the substitute service being provided by a professional. The FAA only permits damages based on pecuniary loss. The difference in 'value' between the original service and the substitute must be justified by establishing a pecuniary loss which persists in spite of the provision of the substitute service." Exh. 1, ¶ 80. Since Plaintiffs have no claim for bereavement damages and there are no viable claims remaining under the FAA, any attempted amendment would be futile and should be denied.

### c. The Complaint Fails to State a Cause of Action Against Jonathan Sacoolas For Which Relief May be Granted

As confirmed by Plaintiffs' Opposition, under English law, vicarious liability by a vehicle owner requires that the driver was using the vehicle "for the owner's purposes, under delegation of a task or duty." Launchbury v. Morgans, [1972] 2 All ER 606 (HL); ECF 16, p. 24. Merely alleging a spousal relationship is insufficient. See id.; and confirmed by the *Expert Opinion on English Law by Howard Palmer, Q.C.*, Exh. 1, ¶¶ 40-59. Accordingly, Plaintiffs must allege that Anne Sacoolas was acting pursuant to delegation of a task or duty by Jonathan Sacoolas. Plaintiffs' allegations fall short of this requirement.

In response, Plaintiffs argue that it is possible that Mr. Sacoolas requested that Mrs. Sacoolas take the children to see him for dinner and then return home in his vehicle. ECF 16, p.

25. However, this is not pled in the Complaint and relies exclusively on speculation and conjecture. Simply alleging facts that amount to use of "the matrimonial case" without a "specific act of delegation" is insufficient for a claim of vicarious liability against a non-driver owner of a vehicle. Norwood v. Navan, [1981] R.T.R. 457 (C.A.). The Complaint merely alleges that Mr. Sacoolas owned the vehicle and Mrs. Sacoolas was driving the children home from dinner at the time of the collision. The Complaint is devoid of any allegation that would support a reasonable inference that Mrs. Sacoolas was acting by any direct delegation by Mr. Sacoolas of a task to be performed on his benefit and for his benefit. Accordingly, Plaintiffs' allegations do not state a claim for vicarious liability against Mr. Sacoolas and the surviving Counts II, VIII, and XI must be dismissed.

Wherefore, for the reasons stated herein, in Defendants' Memorandum in Support of Motion to Dismiss, and any additional oral argument, Defendants respectfully request that this matter be dismissed under the doctrine of *forum non conveniens* or, alternatively, partially dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

        **ANNE SACOOLAS**
        **and**
        **JONATHAN SACOOLAS**
        By Counsel

   /s/ *John D. McGavin*
John D. McGavin, VSB No. 21794
Anna G. Zick, VSB No. 86057
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jmcgavin@bmhjlaw.com
azick@bmhjlaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss was served via efiling on the 21st day of December, 2020 on the following:

Steven J. Toll, VSB #15300
Agnieszka M. Fryszman, admitted *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Stoll@cohenmilstein.com
AFryszman@cohenmilstein.com

Theodore J. Leopold, admitted *pro hac vice*
Leslie M. Kroeger, admitted *pro hac vice*
Poorad Razavi, admitted *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
prazavi@cohenmilstein.com
*Attorneys for Plaintiffs*

                                                                    */s/ John D. McGavin*
                                                                   John D. McGavin

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555