IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHARLOTTE CHARLES and TIM DUNN, Individually and as Co-Administrators of the ESTATE OF HARRY DUNN, and NIALL DUNN, Individually, <br><br>  Plaintiffs, <br> v. <br><br> ANNE SACOOLAS and JONATHAN SACOOLAS, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  <br><br> Case No. 1:20-cv-01052 |

## DEFENDANTS' NOTICE OF CORRECTION TO COURT'S ORDER

COMES NOW, Defendants, Anne Sacoolas and Jonathan Sacoolas, by counsel and for Notice of Correction to Court's Order, dated February 16, 2021, state as follows:

On February 16, 2021, the Court issued its written Order on Defendants' Motion to Dismiss this action on the grounds of *forum non conveniens*. The Order included references to facts "derived from the record in this case" that are "not significantly disputed."

Pursuant to this Notice of Correction, Defendants seek to correct certain factual recitations set forth in the Court's Order, including:

- *The Complaint alleges that, although Defendant Anne Sacoolas had a cellphone at the time of the accident, she did not call an ambulance for Harry Dunn or otherwise seek medical attention for him at the time. It further appears that a passerby who came upon the scene shortly after the accident called an ambulance.* ECF-23, p. 2.

  Correction: After the collision, Anne Sacoolas tried to help Harry Dunn. She spoke with him and promised to get him medical assistance. She saw another motorist approaching and flagged her down for support. The other motorist called for the emergency services while Anne Sacoolas notified the nearby Air Force base. Her priority was to get Harry Dunn immediate medical attention. UK Ministry of Defence police officers assigned to the airbase arrived first and assisted Harry Dunn. It was over forty minutes before local emergency medical personnel arrived on scene.

Anne Sacoolas cooperated with the police and answered all of their questions, both at the scene and afterward. She voluntarily submitted to a breathalyzer test at the scene which recorded a 0.0 blood alcohol reading. She offered her cell phone to the police to confirm that she was not distracted by texting or talking on the phone.

- *Following the accident, on August 28, 2019, Defendant Anne Sacoolas met with United Kingdom police officers at her home in the United Kingdom to discuss the incident in the presence of a United States lawyer and a United States Department of State official. In the course of the meeting, it appears that Defendant Anne Sacoolas assured the police that she had no plans to leave the United Kingdom. It also appears that no mention was made during the meeting of the issue of diplomatic immunity for Defendant Anne Sacoolas.* ECF-23, p. 2.

Correction: The police informed Anne Sacoolas on August 28 that they would be contacting her to schedule a formal interview at a later date. Jonathan Sacoolas advised the police that he was anticipating guidance from the Embassy in London because diplomatic status might become a factor. The police inquired how long Anne Sacoolas planned to be in the United Kingdom and Jonathan Sacoolas advised that the family had just arrived for a three year tour. Anne Sacoolas did not know at that time that she would be leaving the United Kingdom following the discussions regarding diplomatic immunity. Anne Sacoolas continued to cooperate and was formally interviewed (under caution) by the police on October 28, 2019.

- *It also appears that a series of discussions between representatives of the United States and United Kingdom governments followed, during which the United Kingdom representatives sought from the United States government a waiver of Defendant Anne Sacoolas' diplomatic immunity for the August 27, 2019 car accident. The United States government declined to waive diplomatic immunity for the August 27, 2019 car accident and informed the United Kingdom government that Defendant Anne Sacoolas and her family would depart the United Kingdom the next day. Despite the strong objection of the United Kingdom government, Defendant Anne Sacoolas and her family departed the United Kingdom the next day, on September 15, 2019.* ECF-23, p. 3.

Correction: The United Kingdom High Court of Justice opinion explains that "where a request for a waiver of immunity is refused in cases where an offence has allegedly been committed, it is standard practice for the individual in respect of whom the request had been made to be withdrawn (failing which they would ordinarily be declared persona non grata or not acceptable by the receiving State)."

ANNE SACOOLAS
and
JONATHAN SACOOLAS
By Counsel

  */s/ John D. McGavin*
John D. McGavin, VSB No. 21794
Anna G. Zick, VSB No. 86057
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@bmhjlaw.com
azick@bmhjlaw.com
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Correction was served via efiling on this 2nd day of March, 2021 on the following:

Steven J. Toll, VSB #15300
Agnieszka M. Fryszman, admitted *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Stoll@cohenmilstein.com
AFryszman@cohenmilstein.com

Theodore J. Leopold, admitted *pro hac vice*
Leslie M. Kroeger, admitted *pro hac vice*
Poorad Razavi, admitted *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
prazavi@cohenmilstein.com
*Attorneys for Plaintiffs*

/s/ *John D. McGavin*
John D. McGavin