IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHARLOTTE CHARLES and TIM DUNN, Individually and as Co-Administrators of the ESTATE OF HARRY DUNN, and NIALL DUNN, Individually, <br><br> Plaintiffs, <br> v. <br><br> ANNE SACOOLAS and JONATHAN SACOOLAS, <br><br> Defendants. | Case No. 1:20-cv-01052 |

## ANSWER TO COMPLAINT

COME NOW, defendants, Anne Sacoolas and Jonathan Sacoolas, by counsel, and for their Answer to the Complaint filed herein, state as follows:

1. Defendants admit the allegations of Paragraph 1.

2. In response to Paragraph 2, Defendants admit that Harry Dunn suffered fatal injuries in this accident, but do not have sufficient information to admit or deny the nature of each of the injuries. Defendants deny all other allegations of Paragraph 2.

3. Defendants admit that defendant Anne Sacoolas promised to cooperate in the investigation and has done so. Defendants deny the remaining allegations of Paragraph 3 as pled herein.

4. Defendants deny the allegations of Paragraph 4 as pled herein.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

1

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12 as they have previously argued the venue is not appropriate in this location and have asked that the matter be dismissed for *forum non conveniens*. The Court having overruled that objection, defendants persist in their objection to the Court's ruling and do not waive that objection.

13. Defendants admit the allegations of Paragraph 13.

14. Defendants admit the allegations of Paragraph 14.

15. Defendants can neither admit nor deny the factual allegations of Paragraph 15, having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

16. Defendants can neither admit nor deny the factual allegations of Paragraph 16, having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. In response to Paragraph 19, defendants admit that Harry Dunn suffered injuries which ultimately caused his death but can neither admit nor deny the specifics of all of the injuries claimed and identified in Paragraph 19 having insufficient information to fully and fairly respond and therefore these allegations in part shall be construed as denied.

20. Defendants can neither admit nor deny the allegations of Paragraph 20 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

21. Defendants admit the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22 as pled. After the collision, Anne Sacoolas tried to help Harry Dunn. She spoke with him and promised to get him medical assistance. She saw another motorist approaching and flagged her down for support. The other motorist called for the emergency services while Anne Sacoolas notified the nearby Air Force base. Her priority was to get Harry Dunn immediate medical attention. UK Ministry of Defence police officers assigned to the airbase arrived first and assisted Harry Dunn. It was over forty minutes before local emergency medical personnel arrived on scene.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25 as pled. After the collision, Anne Sacoolas tried to help Harry Dunn. She spoke with him and promised to get him medical assistance. She saw another motorist approaching and flagged her down for support. The other motorist called for the emergency services while Anne Sacoolas notified the nearby Air Force base. Her priority was to get Harry Dunn immediate medical attention. UK Ministry of Defence police officers assigned to the airbase arrived first and assisted Harry Dunn. It was over forty minutes before local emergency medical personnel arrived on scene.

26. Defendants can neither admit nor deny the allegations of Paragraph 26 having insufficient information to fully and fairly respond.

27. Defendants can neither admit nor deny the allegations of Paragraph 27 having insufficient information to fully and fairly respond.

28. Defendants can neither admit nor deny the allegations of Paragraph 28 having insufficient information to fully and fairly respond.

29. Defendants can neither admit nor deny the allegations of Paragraph 29 having insufficient information to fully and fairly respond.

30. Defendants can neither admit nor deny the allegations of Paragraph 30 having insufficient information to fully and fairly respond.

31. Defendants can neither admit nor deny the allegations of Paragraph 31 having insufficient information to fully and fairly respond.

32. Defendants can neither admit nor deny the allegations of Paragraph 32 having insufficient information to fully and fairly respond.

33. Defendants can neither admit nor deny the allegations of Paragraph 33 having insufficient information to fully and fairly respond.

34. Defendants admit that Harry Dunn suffered fatal injuries in the subject accident but can neither admit nor deny the remaining allegations set forth in Paragraph 34.

35. Defendants can neither admit nor deny the allegations of Paragraph 35 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

36. Defendants can neither admit nor deny the allegations of Paragraph 36 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

37. Defendants admit the allegations of Paragraph 37.

38. Defendants admit that defendant Anne Sacoolas promised to cooperate in the investigation and has done so. Defendants deny the remaining allegations of Paragraph 38.

39. Defendants admit the allegations of Paragraph 39.

40. Defendants admit the allegations of Paragraph 40.

41. Defendants admit the allegations of Paragraph 41.

42. Defendants admit the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny that Paragraph 45 states a full and complete claim as these claims appear to be allegations based upon bereavement claims which are not permitted under the law of the United Kingdom. Therefore as pled herein, the defendants deny these allegations.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants can neither admit nor deny the allegations of Paragraph 47 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

48. In response to Paragraph 48, defendants incorporate by reference their responses to Paragraphs 1 through 47.

49. Defendants admit the allegations of Paragraph 49.

50. Defendants admit the allegations of Paragraph 50.

51. Defendants admit the allegations of Paragraph 51.

52. Defendants admit that Anne Sacoolas drove her vehicle on the wrong side of the road and was negligent. Defendants further admit that her negligence was the proximate cause of

the death of Harry Dunn. Defendants deny all other allegations contained in Paragraph 52 not otherwise addressed by this admission.

53. Defendants admit that Harry Dunn suffered fatal injuries in the subject accident but deny the remaining allegations of Paragraph 53 and further assert that the law does not permit recovery of certain portions of these matters as have been previously addressed by the Court's prior rulings.

54. Defendants admit the allegations of Paragraph 54.

55. In response to Paragraph 55, defendants incorporate by reference their responses to Paragraphs 1 through 47.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants admit the allegations of Paragraph 57 in part as Anne Sacoolas was driving two of the children and Jonathan Sacoolas was driving one child home.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59 as pled as this appears to be the basis of the claim for vicarious liability for which these defendants deny. As to the occurrence of funeral costs and expenses as a result of the subject occurrence, defendants admit that the negligence of Anne Sacoolas was the direct and proximate cause of that occurrence and those expenses.

60. In response to Paragraph 60, defendants incorporate by reference their responses to Paragraphs 1 through 47.

61. Defendants admit the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Paragraphs 64 through 79 have been dismissed.

80. In response to Paragraph 80, defendants incorporate by reference their responses to Paragraphs 1 through 47.

81. Defendants admit the allegations of Paragraph 81.

82. Defendants admit the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83 as pled further, asserting that the claims and causes of action asserted in Paragraph 83 are not appropriate elements of damages under the Fatal Accidents Act of 1976 and therefore as pled herein should be dismissed.

84. In response to Paragraph 84, defendants incorporate by reference their responses to Paragraphs 1 through 47.

85. Defendants admit the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Paragraphs 89 through 92 have been dismissed.

93. In response to Paragraph 93, defendants incorporate by reference their responses to Paragraphs 1 through 47.

94. Defendants can neither admit nor deny the allegations of Paragraph 94 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

95. Defendants can neither admit nor deny the allegations of Paragraph 95 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

96. In response to Paragraph 96, defendants incorporate by reference their responses to Paragraphs 1 through 47.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

## FIRST DEFENSE

99. Defendants deny that Jonathan Sacoolas is vicariously liable for any act or omission of defendant Anne Sacoolas.

## SECOND DEFENSE

100. Defendants assert that plaintiffs' claims for dependency damages fail to state a claim for which relief can be granted.

## THIRD DEFENSE

101. Defendants deny that plaintiffs are entitled to a trial by jury and assert that this matter shall be tried without a jury pursuant to the law of England and Wales.

## FOURTH DEFENSE

102. Defendants deny the full nature and extent of all claims other than those which are admitted herein, as failing to state a claim under the law, and as unsupported by the facts.

## FIFTH DEFENSE

103. Defendants assert that plaintiffs' various claims are not supported by the law of England and Wales in whole or in part.

WHEREFORE, the foregoing considered, the defendants, Anne Sacoolas and Jonathan Sacoolas, by counsel, hereby submit their Answer to the Complaint filed herein.

**ANNE SACOOLAS**
and
**JONATHAN SACOOLAS**
By Counsel

   */s/ John D. McGavin*
John D. McGavin, VSB No. 21794
Anna G. Zick, VSB No. 86057
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@bmhjlaw.com
azick@bmhjlaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing **Answer** was served via efiling on this 19th day of March, 2021 on the following:

Steven J. Toll, VSB #15300
Agnieszka M. Fryszman, admitted *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Stoll@cohenmilstein.com
AFryszman@cohenmilstein.com

Theodore J. Leopold, admitted *pro hac vice*
Leslie M. Kroeger, admitted *pro hac vice*
Poorad Razavi, admitted *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
prazavi@cohenmilstein.com
*Attorneys for Plaintiffs*

                                               */s/ John D. McGavin*
                                                John D. McGavin