# EXHIBIT
# A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| CHARLOTTE CHARLES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE SACOOLAS and JONATHAN SACOOLAS,<br><br>Defendants. | Civil Action No. 20-1052-TSE |

**UNITED STATES' STATEMENT OF INTEREST AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

The United States respectfully submits this Statement of Interest, pursuant to 28 U.S.C. § 517,[1] and memorandum in support of its motion for protective order. The United States is not a party to this litigation and takes no position on the merits of Plaintiffs' claims. The United States also expresses its deep condolences for the tragic death of Harry Dunn. The United States has an interest in this case concerning the protection of certain limited information that, as described further below, should be irrelevant to further proceedings in this case. The United States' interest arises out of the effect the disclosure of the information at issue could reasonably be expected to have on the national security of the United States. That information is described in the Government's accompanying *ex parte*, *in camera* submission.

---

[1] 28 U.S.C. § 517 provides that an officer of the Department of Justice "may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . . or to attend to any other interest of the United States."

The United States respectfully requests that this Court enter a protective order foreclosing discovery or disclosure of information in this civil action implicating the United States Government that is in any way, either directly or indirectly, related to the Defendants' or any other individuals' employment with the United States Government.  Such information, as detailed in the Government's accompanying submission, should have little to no relevance to this tort litigation between private parties.  Moreover, any relevance such information could conceivably have to this case is outweighed by the Government's significant interests in protecting against its disclosure in this proceeding.  In light of these considerations, the United States seeks a protective order under Rule 26(b) and (c) on the basis that discovery or disclosures regarding the Government in this case is beyond the scope of discovery as not relevant to any party's claim or defense and not proportional to the needs of the case.

## BACKGROUND

**1.**      This case arises out of a tragic traffic accident in the United Kingdom between Defendant Anne Sacoolas and Harry Dunn, a U.K. citizen, on August 27, 2019.  *See* Compl. ¶ 1, ECF No. 1.  Ms. Sacoolas accidentally drove on the wrong side of a public road and struck Mr. Dunn, who was riding a motorcycle on the correct side of the road.  *Id.* ¶¶ 14, 18.  Mr. Dunn ultimately died of the injuries he sustained in the collision.  *Id.* ¶ 34.

Shortly after the accident, the Sacoolas family returned to the United States.  *Id.* ¶ 38.  Ms. Sacoolas was later charged by England's Crown Prosecution Service with a criminal charge of causing Mr. Dunn's death by dangerous driving.  *Id.* ¶ 39.  The U.K. government requested that Ms. Sacoolas be extradited to face this charge, a request that the Secretary of State denied.  *Id.* ¶ 40.

Mr. Dunn's estate, his parents, and his brother now assert various tort claims against Anne Sacoolas and her husband Jonathan, the former based on her negligent driving that night and the latter based on his alleged vicarious liability for the collision. *See generally id.* ¶¶ 48–98. Defendants moved to dismiss on the basis of *forum non conveniens* and failure to state a claim. The Court largely denied the motion to dismiss. Although Defendants continue to challenge Mr. Sacoolas's vicarious liability as well as the quantum of damages, Ms. Sacoolas has conceded her liability for the collision. *See* Answer ¶ 52, ECF No. 29. Discovery is ongoing and depositions of the Defendants are set to occur on August 24 and 25, 2021.

2.      On July 8, 2021, undersigned counsel for the United States spoke with each of the parties concerning the issues raised in this motion. Counsel for Defendants consented to the entry of a protective order that would have precluded the disclosure in this litigation of any information bearing any connection to the United States Government. In a written response transmitted the next day, counsel for Plaintiffs indicated that they could not consent to such a protective order.

The United States subsequently proposed to the parties a more limited protective order, which sought to preclude only information implicating the United States Government that directly or indirectly relates to the Defendants' or any other individuals' employment with the United States Government – the exact protective order that the United States now seeks through this motion. In a written response dated July 16, 2021, counsel for the Plaintiffs explained that while they could agree not to elicit Defendants' employment titles, positions, and duties, they would not agree to a broader order. Because, for the reasons identified in the United States' *ex parte* and *in camera* submission, a more detailed explanation of the reasons supporting the need for a broader protective order could not be provided to Plaintiffs or their counsel, on July 20, 2021, undersigned

counsel informed counsel for the Plaintiffs that further discussions would not be fruitful and proceeded to file this motion.

## STANDARD OF REVIEW

The Court has wide discretion to control the nature and timing of discovery and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). This power includes authority to issue a protective order under Federal Rule of Civil Procedure 26(c) upon a showing of good cause in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). This discretion includes orders forbidding the requested discovery altogether and "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

## ARGUMENT

### INFORMATION REGARDING THE UNITED STATES GOVERNMENT IS BEYOND THE SCOPE OF RELEVANT, PROPORTIONAL DISCOVERY IN THIS LITIGATION.

Rule 26 limits discovery to information that is both "relevant" to a party's claims or defenses and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Among other factors, the proportionality analysis turns on the "importance of the discovery in resolving the issues" and whether the likely benefit of the discovery outweighs the burden or expense of responding. *Id.* Although "relevance for discovery purposes is broadly construed," the requirement is "not without bite," and discovery should be deemed impermissible where there is no "reasonable likelihood that allowing discovery . . . will lead to discovery of evidence relevant"

to the litigation. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union AFL-CIO-CLC*, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997); *see also Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423–24 (9th Cir. 1995) (vacating discovery-related contempt order because the information sought was irrelevant; it "would have no bearing on either the merits of the case or on the motion for class certification").

Information concerning the United States Government has little to no relevance to an adjudication of any remaining issues in this case. Plaintiffs do not allege that any Government agency or entity caused or is liable for the injuries alleged in the Complaint. And although Defendants were employees of the United States Government at the time of the accident, Plaintiffs do not allege that they were acting within the scope of that employment in allegedly committing the torts in question. Similarly, although Plaintiffs' pleadings contain references to the United States' decision not to permit extradition of Ms. Sacoolas to the United Kingdom, that matter has no bearing on any of Defendants' remaining asserted claims in this case.

Indeed, the United States notes that Anne Sacoolas has conceded her liability for the tort alleged in Plaintiffs' Complaint, Answer ¶ 52. As a result, the scope of any remaining disputed issues (*e.g.*, vicarious liability, damages) is quite narrow, and Government information implicating any individual's employment with the United States Government has no direct relevance to resolving such questions. Additionally, subject to the entry of the protective order sought here, the United States has no objection to discovery being directed to the Defendants, including the requirement that they sit for depositions. *See* Order at 8, ECF No. 23 (stating that Defendants may be necessary witnesses). The United States seeks reasonable safeguards to protect Government information from disclosure, but otherwise supports the full litigation and adjudication of the parties' outstanding issues.

Even if certain information regarding the United States could arguably have some potential relevance to Plaintiffs' claims, the burden of such discovery would be disproportionate to the needs of this case. The United States is unable to provide additional detail in this filing, but addresses the matter at greater length in its *ex parte* submission. In general terms, the United States seeks protection under Rule 26 because of the impact the disclosure of information regarding the Government in this litigation could reasonably be expected to have on national security. That harm should be dispositive in the Rule 26 proportionality calculus where it is compared to the at most minimal relevance of Government information to the resolution of this litigation. *Cf. St. John v. Napolitano*, 274 F.R.D. 12, 17 (D.D.C. 2011) (deeming production of various medical records not proportional because of, *inter alia*, the "harm to the plaintiff's privacy interests from the disclosure"); *Vire v. Entergy Operations, Inc.*, No. 4:15-cv-214, 2016 WL 10576707, at *2 (E.D. Ark. Sept. 28, 2016) (balancing "the government's interest in confidentiality" against the plaintiff's need for certain "highly sensitive information" regarding nuclear power plants and finding "the need for confidentiality outweighs plaintiffs' need").[2]

---

[2] The Government notes that the information at issue in this motion may also be subject to a claim under the state secrets privilege. When a discovery request calls for the production of potentially privileged information, a court may consider questions of relevance before reaching assertions of privilege. *See, e.g.*, *Alexander v. FBI*, 186 F.R.D. 188, 192 (D.D.C. 1999) (finding requested information to be irrelevant, rendering it unnecessary to reach issue of presidential communications privilege, which had been bifurcated for later consideration). Thus, "matters of privilege"—including formal assertion of privilege—"can appropriately be deferred . . . until after the production demand has been adequately bolstered by a general showing of relevance and good cause." *Freeman v. Seligson*, 405 F.2d 1326, 1338 (D.C. Cir. 1968). This approach is especially appropriate in cases involving Executive privileges. *Cf. Cheney v. United States*, 542 U.S. 367, 390 (2004) (in case concerning the presidential communications privilege, encouraging courts, "whenever possible," to "explore other avenues, short of forcing the Executive to invoke [Executive] privilege").

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court grant the attached protective order and exclude information from discovery or disclosure in this litigation implicating the United States Government that is in any way, either directly or indirectly, related to the Defendants' or any other individuals' employment with the United States Government.

Dated:  July 23, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

RAJ PAREKH
Acting United States Attorney

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

JAMES R. POWERS
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-0543
Email: james.r.powers@usdoj.gov

 /s/
DENNIS C. BARGHAAN, JR.
Acting Chief, Civil Division
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3891
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

7