UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE CHARLES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE SACOOLAS, *et al.*, <br><br> Defendants. | Civil Case No. 1:20-cv-1052 |

**PLAINTIFFS' RESPONSE TO MOTION FOR ATTORNEYS' FEES**

Come now the plaintiffs, Charlotte Charles, Niall Dunn, and Tim Dunn, and respond to Cohen Milstein Sellers & Toll PLLC's ("CMST") motion for attorneys' fees under Va. Code § 54.1-3932. ECF No. 78. Because CMST withdrew from representing the plaintiffs and was not actually or constructively terminated, CMST voided its charging lien and forfeited its right to collect its fees.[1]

I. **Under Virginia Law, An Attorney Who Is Employed Under a Contingent Fee Contract Is Entitled to His or Her *Quantum Meruit* Fee Only if the Client Terminates Him or Her Without Just Cause.**

The threshold question in determining whether a prior attorney working under a contingent fee arrangement is entitled to collect fees pursuant to a charging lien under Va. Code § 54.1-3932 is whether the client terminated the attorney without just cause:

> [W]here, as here, a client discharges counsel without cause—as clients are entitled to do in Virginia—it is settled Virginia law that the discharged counsel may recover only a reasonable fee for actual services rendered on a *quantum meruit* basis regardless of any contract to the contrary.

---

[1] The plaintiffs do not contest that this Court has ancillary jurisdiction to hear this fee dispute or that Virginia law controls.

1

*In re Outsidewall Tire Litig.*, 52 F. Supp. 3d 777, 784 (E.D. Va. 2014), vacated and remanded, 636 F. App'x 166 (4th Cir. 2016) (citing *Heinzman v. Fine, Fine, Legum and Fine*, 217 Va. 958, 234 S.E.2d 282, 286 (1977)). The Virginia Supreme Court reaffirmed the requirement of termination without just cause nearly 20 years after *Heinzman*:

> The law is clear that "when . . . an attorney employed under a contingent fee contract is discharged without just cause and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon *quantum meruit* for services rendered prior to discharge . . . ."

*Hughes v. Cole*, 251 Va. 3, 23, 465 S.E.2d 820, 833 (1996) (quoting *Heinzman*, 217 Va. at 964).

## II. The Plaintiffs Did Not Terminate CMST, Actually or Constructively. Rather, CMST Withdrew.

Here, the parties do not dispute that, far from being terminated, CMST moved to withdraw as the plaintiffs' counsel on May 4, 2021. Doc. No. 41. The Court granted the motion on May 12, 2021. The *Heinzman* rule, which applies only to contingent fee representations, allows a prior attorney to collect a *quantum meruit* fee only if he or she is terminated without just cause. *See infra*. An attorney's withdrawal therefore precludes collection of a fee.

Further, Virginia courts have not recognized a theory of constructive termination in the context of attorneys' charging liens. CMST cites two cases to support their position that an attorney can withdraw from representing a client and still enforce a charging lien. Neither case is applicable to the facts of this case.

In *Allen Real Estate Co., Ltd. v. Long*, 54 Va. Cir. 251 (2000), a Fauquier County trial court held that an attorney's withdrawal for nonpayment of fees was not a bar to enforcement of the attorney's charging lien. This case is distinguishable for two reasons. First, it appears from

2

the opinion that the attorney did not have a contingent fee agreement with the client, making the *Heinzman* rule inapplicable.[2]

Second, the attorney withdrew because the client breached the contract to pay the attorney for his or her services. A client cannot simply refuse to pay the attorney's monthly bills, wait for the attorney to recognize and act on the client's breach, and then prevent the attorney from collecting the unpaid bills. This is entirely different from the circumstances that attend a contingent fee agreement, where no payment is required unless and until there is a recovery and, most importantly, the attorney's entitlement to a fee at all is far from certain.

CMST also cites *Wallace v. Scriven*, 741 Fed.Appx. 169 (4th Cir. 2018), for the proposition that an attorney who withdraws simply because of a disagreement with his or her client about strategy is entitled to a *quantum meruit* fee. Although the attorney in *Wallace* withdrew and asserted his entitlement to one-third of his client's settlement proceeds (Exhibit A), the Fourth Circuit found that there was no agreement, written or otherwise, between the attorney and the client regarding fees. In addition, and most crucially, the client was unrepresented in the fee litigation and, unsurprisingly, did not raise the *Heinzman* rule that an attorney retained under a contingent fee agreement is entitled to a *quantum meruit* fee only if he or she is terminated without just cause. This *pro se* litigant's failure to raise this issue provides no support for CMST's position.

Even if Virginia law recognized the concept of constructive termination as a proxy for actual termination, the plaintiffs did not constructively terminate CMST. CMST and the plaintiffs, through their adviser, had a vigorous disagreement about CMST's conduct of the

---

[2] If there had been a contingent fee agreement, the attorney presumably would not have raised the issue of the client's nonpayment of fees while the litigation was ongoing.

3

mediation proceeding and about whether CMST was keeping the plaintiffs sufficiently informed about case strategy. But this hardly rises to the level of constructive termination.

If there were such a concept as constructive termination in this context, one might reasonably look for guidance to other contexts in which the courts have applied it. The Virginia courts have held that a criminal defendant constructively terminates his or her attorney and thus waives his or her Sixth Amendment right to counsel when he or she engages in conduct that is "dilatory," or that creates "unreasonable and unjustifiable delay." *Bailey v. Commonwealth*, 38 Va. App. 794, 803, 568 S.E.2d 440, 445 (2002). Although the standards for waiver of one's right to counsel by constructive termination do not translate well to this case, the plaintiffs here engaged in no dilatory behavior and did not create unjustifiable delay.

One other possible source of guidance is the federal courts' definition of constructive discharge in the employment context. The Supreme Court has held that an employer constructively discharges an employee when "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 136 S. Ct. 1769, 1776 (2016) (quoting *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004). A disagreement between client and counsel, even an acrimonious one, does not compel a reasonable attorney to resign.

**III.   Even When an Attorney Withdraws for Reasons Beyond His or Her Control, He or She May be Barred from Collecting Fees.**

In *Smith v. Ray*, 2016 WL 11669382 (E.D. Va. 2016), the plaintiff's attorney, working under a contingent fee agreement, sought to withdraw as counsel against the client's wishes because of a medical emergency. The court granted the attorney's motion to withdraw. In spite of this, the court denied the attorney's motion to enforce his charging lien, holding that "[t]he attorney's fee lien protects counsel from potentially severe financial consequences that may result from a

4

client's *arbitrary exercise of her absolute right to discharge counsel.*" *Smith*, 2016 WL 11669382 at *6 (emphasis added).

The court continued, "[b]ut when, as is the case here, <u>an attorney withdraws</u> from representation against his client's wishes, even the quantum meruit calculation set forth in *Heinzman* may not apply." *Id*. at *7 (emphasis in original).

Just as in *Smith v. Ray*, CMST moved to withdraw against its clients' wishes, and just as in *Smith v. Ray*, the Court granted CMST's motion on a finding of good cause. Denying a fee to an ill attorney may be viewed as harsh, but CMST withdrew because of friction with the plaintiffs' adviser. This is a far cry from withdrawal because of a serious illness.

The court in *Smith v. Ray* also disposed of the argument that an attorney's withdrawal for good cause is relevant to the question of whether a client "arbitrar[ily] exercised . . . her absolute right to discharge counsel." The court cited with approval a state trial court's denial of an attorney's motion to enforce a charging lien in the face of the attorney's contention that

> he withdrew from representation for good cause shown because the client had an unrealistic expectation about recovery, the client would not cooperate during discovery, and a lack of trust existed between the attorney and the client.

*Smith*, 2016 WL 11669382 at *7 (citing *Khodr v. Garcia*, 2002 WL 31989029, 2002 Va. Cir. LEXIS 326 (Va. Cir. Ct. Feb. 4, 2002)).

Finally, CMST's withdrawal against the plaintiffs' wishes left them facing the imminent prospect of being unrepresented and uncertain prospects for retaining new counsel so late in the discovery period. *See Smith*, 2016 WL 11669382 at *9 (Withdrawal against the client's wishes"le[ft] the client unrepresented with no guidance or direction regarding a replacement."). Under those circumstances, an attorney has "no claim to the equitable remedy of quantum meruit, despite his long previous, and partially successful, representation." *Id*.

5

Wherefore, the plaintiffs respectfully request that the Court deny CMST's motion to enforce its asserted charging lien.


By: <u>s/ Jay Nanavati</u>
Jay Rohit Nanavati
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14, 2021, I electronically filed the foregoing with the Clerk of the Court using ECF.

Dated: October 14, 2021                                                  s/ Jay Nanavati
                                                                                         Jay Rohit Nanavati