UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE CHARLES, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Case No. 1:20-cv-1052 |
| ANNE SACOOLAS, *et al.*, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE RESOLUTION

On September 15, 2021, the Parties to this case signed a confidential agreement resolving this case ("Agreement").[1] Under the terms of the agreement, Defendants and their insurance company, USAA Ltd., were to pay a sum to counsel for Plaintiffs within thirty days of the agreement, *i.e.*, by October 15, 2021. Thirty days having passed without any payment by Defendants, Defendants are now in breach of the Agreement. Plaintiffs hereby move to enforce the Agreement.

Counsel for USAA has informed Plaintiffs' counsel that USAA has chosen to delay payment of the funds, because of the lien that Plaintiffs' prior counsel, the law firm of Cohen Milstein Sellers & Toll PLLC ("CMST") has asserted over the funds. As Plaintiffs have previously advised USAA's counsel, this is not the proper approach to accommodating CMST's lien. Plaintiffs' counsel has repeatedly assured USAA's counsel that Plaintiffs' counsel will comply with its ethical obligations to keep the maximum amount reasonably claimed by CMST in its

---

[1] Plaintiffs will make the confidential agreement available to the Court at the hearing on this motion.

1

attorney trust account until the dispute between CMST and Plaintiffs is resolved. Plaintiffs are entitled to the funds not in dispute.  By withholding the funds, USAA has not only breached the Agreement but prevented disbursement of the funds to a grieving family that lost a loved one in a horrific traffic accident.

I.    **ARGUMENT**

    a.   **This Court has jurisdiction to enforce the Agreement.**

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). To exercise that authority, a court must find the parties have reached a complete agreement and must be able to determine its terms and conditions. *Id.* at 540-41 (citing *Moore v. Beaufort Cnty.*, 936 F.2d 159, 162 (4th Cir. 1991); *Ozvagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)). Where "a settlement agreement exists and its terms and conditions can be determined, as long as the excuse for nonperformance is comparatively unsubstantial, the court may enforce the agreement summarily." *Wallace v. City of Hampton*, No. 2:15-CV-126, 2017 WL 11505960, at *3 (E.D. Va. July 21, 2017) (quoting *Topiwala v. Wessell*, 509 F. App'x 184, 187 (4th Cir. 2013)). "Motions to enforce settlement agreements draw upon standard contract principles." *Bradley v. Am. Household Inc.*, 378 F.3d 373, 380 (4th Cir. 2004) (citing *Hensley*, 277 F.3d at 540).

On September 15, 2021, all parties to this case signed the Agreement resolving this matter. Counsel also signed to approve the Agreement. The Agreement was complete and bound all parties to clear terms and conditions. Accordingly, the  Agreement is enforceable.

    b.   **Defendants have breached the Agreement.**

The Agreement provides for Defendants to pay the full amount of the Agreement via check within thirty days of signing. All parties signed the Agreement on September 15, 2021, and the

funds were due to Plaintiffs' counsel by October 15, 2021. Since Defendants did not forward any funds to Plaintiffs' counsel by close of business October 15, 2021, they have breached the Agreement.

### c. **The Court should order Defendant USAA to remit all funds due to Plaintiffs' counsel, who will retain all disputed amounts in trust.**

On October 13, 2021, USAA's counsel informed the undersigned that his client intended to retain the funds until the Court resolved the attorney's lien filed by CMST. He also asked for Plaintiffs to agree to "a 2 week extension from the ruling of the court to make the payments required . . . ." Email from J. McGavin to D. Firestone and S. Toll (Oct. 12, 2021). Plaintiffs rejected this request because it would needlessly deny them access to the undisputed portion of the funds.

CMST has represented to the Court that it agreed to a contingency fee of 1/3 of the recovery (after subtracting litigation costs). ECF No. 80, at 7. Plaintiffs' attorneys have repeatedly represented to Defense counsel, in writing, that Plaintiffs' attorneys will hold the highest amount reasonably claimed by CMST (1/3 of the recovery (after subtracting litigation costs) plus litigation costs) in their firm's client trust account. Plaintiffs' attorneys have also advised defense counsel that this solution will both protect CMST's interest and allow disbursement to Plaintiffs of the undisputed amounts.[2] Further, Plaintiffs have agreed to indemnify Defendants against attorneys' fees and costs associated with litigation over any liens.

---

[2] The undisputed amount is equal to the full amount specified in the Agreement minus the following: (1) the amount reserved in trust for CMST; (2) 20% attorneys' fees due to Plaintiffs current counsel, and (3) litigation costs due Plaintiffs' current counsel. In an abundance of caution, Plaintiffs' current counsel intends to hold its fees and costs in escrow until the matter with CMST is resolved.

The course of action Plaintiffs have proposed is consistent with Plaintiffs' attorneys' ethical obligations under Virginia Rule of Professional Conduct 1.15 and District of Columbia Rule of Professional Conduct 1.15. *See, e.g.*, Va. Legal Ethics Op. 1865.

Holding the disputed funds in escrow while disbursing the undisputed portion of the settlement proceeds is not only consistent with the terms of the Agreement and ethical guidelines, but also with the procedure employed in numerous other cases. *See, e.g.*, *In re Vioxx Prod. Liablity Litig.*, No. CIV. 05-4578, 2010 WL 724084, at *7 (E.D. La. Feb. 18, 2010) (ordering undisputed settlement funds disbursed to Plaintiff and disputed attorneys fees to remain in escrow pending resolution of any fee lien asserted); *Hill v. Kaiser Found. Health Plan*, No. 3:10-CV-02833-LB, 2015 WL 5138561, at *4 (N.D. Cal. Sept. 1, 2015) (noting that funds held in trust pending resolution of attorney fee dispute); *see also Melancon v. Great S. Dredging, Inc.*, No. CIV.A. 12-2455, 2015 WL 1022085, at *3 (E.D. La. Mar. 9, 2015) (noting the Court's approval of defendant's motion to deposit settlement funds into the Court registry pending attorney's fee dispute).[3]

Indeed, in a separate matter involving CMST and its assertion of a lien over settlement proceeds, the U.S. District Court for the Middle District of Florida ordered all disputed settlement proceeds to remain in escrow and ordered undisputed amounts to be disbursed. *Omni Healthcare Inc. v. Health First, Inc.,* No. 613CV1509ORL37DCI, 2017 WL 3658837 (M.D. Fla. Aug. 24, 2017). In circumstances similar to the ones here, CMST withdrew as Plaintiffs' counsel and, after the case settled, asserted a lien for payment of its contingency fee and costs. *Id.* at *5. After ordering the undisputed amounts to be disbursed, *Id.* at *1,[4] the Court denied CMST's motion for

---

[3] USAA has declined to deposit the funds due Plaintiffs into the court registry, citing confidentiality concerns.

[4] The Court orders with respect to how funds should be treated were prompted initially by a dispute between plaintiffs as opposed to the conflict over the legal fees. *Omni Healthcare Inc. v. Health First, Inc.,* No. 613CV1509ORL37DCI, 2017 WL 3658837, *1 (M.D. Fla. Aug. 24, 2017).

attorneys' fees based on a Report and Recommendation from the Magistrate Judge, who concluded "Plaintiffs' conduct did not give CMST cause to withdraw." *Report and Recommendation*, No. 613CV1509ORL37DCI, ECF No. 420, (M.D. Fla. Mar. 28, 2018).

The Court should follow *Omni Healthcare Inc.* and the additional foregoing cases by enforcing the Agreement and allowing undisputed funds to be disbursed to Plaintiffs.

## II.    Conclusion

Consistent with both the Agreement and accepted practice, Plaintiffs ask this Court to grant Plaintiffs' Motion to Enforce Resolution and order Defendants to disburse funds in accordance with the Agreement so that Plaintiffs' counsel may remit undisputed funds.

By:     /s/ Jay Rohit Nanavati
        Jay Rohit Nanavati
        Kostelanetz & Fink LLP
        601 New Jersey Avenue NW
        Suite 620
        Washington, DC 20001
        202-875-8000
        jnanavati@kflaw.com

        Robert F. Muse
        Daren H. Firestone
        Levy Firestone Muse LLP
        1701 K Street, NW
        Suite 350
        Washington, DC 20006
        202-845-3215
        rmuse@levyfirestone.com
        dhf@levyfirestone.com
        *Counsel for Plaintiffs*

---

Regardless, the Court ordered disputed fees to remain in escrow and undisputed fees to be disbursed.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 15, 2021, I electronically filed the **Plaintiffs' Motion for Further Consideration of the Scheduling Order** with the Clerk of the Court using the ECF and that I sent the same to counsel for Defendants via electronic mail.

Dated:  October 15, 2021                                   /s/ Jay Rohit Nanavati
                                                          Jay Rohit Nanavati