UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CHARLOTTE CHARLES, *et al.*,

    Plaintiffs,

v.

ANNE SACOOLAS, *et al.*,

    Defendants.

Civil Case No. 1:20-cv-1052

## PLAINTIFFS' BRIEFING ON SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(a)

    Come now the plaintiffs, Charlotte Charles, Niall Dunn, and Tim Dunn, submit this briefing in compliance with the Court's order of October 20, 2021. ECF No. 95. For the reasons that follow, the plaintiffs respectfully aver that the Court has supplemental jurisdiction[1] under 28 U.S.C. § 1367(a) to decide this fee dispute. In addition, the Court's exercise of its authority would further the causes of judicial efficiency and fairness to the parties.

    Under section 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

---

[1] The term "supplemental jurisdiction" has largely supplanted the terms "ancillary jurisdiction" and "pendent jurisdiction," but the term is synonymous with "ancillary jurisdiction" in this brief.

1

Federal courts have often found not only that fee disputes are part of the same case or controversy[2] as the underlying actions, but also that exercising supplemental jurisdiction over such disputes is in the interest of the courts and the litigants.

Indeed, this Court made a compelling argument for the exercise of its supplemental jurisdiction under similar circumstances in *In re Outsidewall Tire Litig.*:

> There can be no substantial doubt that this court has ancillary or supplemental jurisdiction to resolve this fee dispute and to value the lien filed here under Virginia law. This follows from the fact that the action was filed and fully litigated here, and the lien was filed here. Long-settled circuit precedent makes clear that in these circumstances, this court has ancillary or supplemental jurisdiction to resolve the instant fee dispute and value the lien.

52 F. Supp. 3d 777, 783 (E.D. Va. 2014), *vacated and remanded on other grounds*, 636 F. App'x 166 (4th Cir. 2016). Just as in *In re Outsidewall Tire Litig.*, the plaintiffs brought and fully litigated the underlying action before this Court.

This Court further held that "[o]ne of the best-established uses of ancillary jurisdiction is over proceedings concerning costs and attorney's fees," that "the district court . . . is in the better position to evaluate the quality and value of the attorney's efforts," and that "[u]nlike a state court judge hearing a separate contract action, a federal judge who has presided over a case is already familiar with the relevant facts and legal issues." *Id*. at 783-84 (cleaned up). "In sum, it is clear not just that this court has ancillary jurisdiction to resolve this fee dispute and determine the value of the lien, but also that it is the proper forum to do so." *Id*. at 784.

Requiring the plaintiffs to defend a separate lien enforcement action in Virginia state court would require another court to familiarize itself with the facts of the case and the various

---

[2] To satisfy the "same case or controversy" requirement, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The underlying action and the fee dispute satisfy this requirement.

attorneys' roles and contributions (if it found the lien to be valid) and would require the plaintiffs to defend themselves in another foreign tribunal. This would impose further litigation costs on them and would protract their struggle to resolve the civil aspects of their son's tragic death.

The Fourth Circuit has not addressed a district court's supplemental jurisdiction to decide a fee dispute except in the context of enforcing its own order regarding attorney's fees, making its decision less applicable to this case.[3] *See Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 753 (4th Cir. 2003) ("[W]hen a dispute concerning attorney's fees arises, the district court must have continuing jurisdiction to resolve the dispute in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance.").

Another district court in the Fourth Circuit, however, has addressed the issue that this case presents. In that case, the U.S. District Court for the Western District of Virginia found that it had supplemental jurisdiction to hear a fee dispute. The court then exercised its jurisdiction, finding that "the Court's familiarity with the case and the likely efficiency to be gained by resolving [the prior attorney's] request for attorney's fees in this Court, rather than shifting it to a separate proceeding in a state court, weigh more heavily in favor of exercising jurisdiction." *Atl.*

---

[3] *But see Taylor v. Kelsey*, 666 F.2d 53 (4th Cir. 1981) (finding, before the 1990 passage of 28 U.S.C. § 1367, that "no basis existed for ancillary jurisdiction over a fee dispute . . . where the dispute did not arise as a matter of necessity from anything which occurred in the federal litigation."). Post-1900, however, other circuits have held that district courts have supplemental jurisdiction over fee disputes that are part of the same case or controversy as the underlying litigation. *See, e.g., Walker v. Pennsylvania Dep't of Corr.,* 828 F. App'x 118, 121 (3d Cir. 2020) ("The District Court thus had subject matter jurisdiction to adjudicate the propriety of the Lien, which directly affected the Court's ability to manage its proceedings and the rights of multiple litigants."); *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 545 (6th Cir. 2013) ("[The prior attorney] took the well-marked path of filing a notice of a lien, not a motion to intervene, in an existing federal court case and of doing so before the case was dismissed. The district court properly exercised jurisdiction over this fee dispute."); *State Contracting & Eng'g Corp. v. Condotte Am., Inc*., 197 F. App'x 915, 918 (Fed. Cir. 2006) ("A federal district court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear disputes related to charging liens that are filed against that court's judgments."); *Itar-Tass Russian News Agency v. Russian Kurier, Inc*., 140 F.3d 442, 453 (2d Cir. 1998) ("Appellants were entitled to have their contract fee claims considered and decided under the district court's supplemental jurisdiction and the appellant attorney was entitled to the district court's determination of a statutory [charging] lien under New York Judiciary Law § 475.").

*Coast Pipeline, LLC v. 10.61 Acres, More or Less, in Lovingston Dist., Nelson Cty., Virginia*, No. 3:18-CV-00071, 2019 WL 5104755, at *3 (W.D. Va. 2019).

In sum, the Court has supplemental jurisdiction to hear this fee dispute. Further, the Court's exercise of its jurisdiction would further judicial efficiency and fairness to the parties.

By: <u>s/ Jay Nanavati</u>
Jay Rohit Nanavati
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2021, I electronically filed the foregoing with the Clerk of the Court using ECF.

Dated: October 27, 2021

s/ Jay Nanavati
Jay Rohit Nanavati