UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CHARLOTTE CHARLES and TIM DUNN, Individually and as Co-Administrators of the ESTATE OF HARRY DUNN, and NIALL DUNN, Individually, | ) ) ) ) | |
| | ) | Case No. 1:20-cv-01052 |
| Plaintiffs, | ) | |
| v. | ) ) | |
| ANNE SACOOLAS and JONATHAN SACOOLAS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE RESOLUTION**

COMES NOW, the Defendants, Anne Sacoolas and Jonathan Sacoolas, and hereby submit their Memorandum of Law in Opposition to Plaintiff's Motion to Enforce Settlement Agreement, and in support thereof states as follows:

I.     **Introduction.**

Anne Sacoolas, Jonathan Sacoolas and USAA Insurance Company  their insurer are caught in the middle of a dispute between two law firms who are asserting competing interests in settlement funds and the dispute between the plaintiffs and one of these law firms and counsel for the Defendants and for USAA have attempted to resolve this matter and have implored the attorneys to resolve these issues so that the funds can be paid. Both Cohen Milstein and Levy Firestone have made complaints and threats of potential penalties against the Defendants, their counsel and the insurance company for defendants if the funds are improperly disbursed or paid. Alternatively, the Defendants have asked the parties to agree to a two week extension to pay the subject funds once the

1

Court resolves the attorney's fee dispute, assuming the parties are unable to resolve it on their own.

II.       **Facts.**

Defendants have reached a settlement agreement with the Plaintiffs. Cohen Milstein is the prior law firm that represented the Plaintiffs throughout these proceedings but withdrew their representation. Levy Firestone has handled this matter and has a separate retainer agreement. Now, there is a dispute between these two law firms over fees to be paid and a dispute with the Plaintiffs themselves over what fees should be paid to which firm. Cohen Milstein has filed a motion to enforce a charging lien. Cohen Milstein has informed the Defendants that any payments made in this matter must include Cohen Milstein as a payee. Levy Firestone asserts that no payment should be made with both law firms as payees and with the Plaintiffs, and disputes that proposal. Each has demanded their payments be made under the terms and conditions that they proposed.

Caught in the middle of this debate the Defendants, their insurance company and counsel have implored the parties to resolve this matter. Failing that, the defense has requested an extension of time to submit payment in this matter for two weeks once the Court resolves this matter and/or the parties reach an agreement. This arrangement is not satisfactory to the Levy Firestone law firm and upon information and belief is satisfactory to the Cohen Milstein firm.

III.      **Discussion of the Law.**

The Defendants have reached a settlement in this matter and fully intend to honor the terms and conditions of the settlement. As a dispute has arisen over how the funds should be transmitted, to whom they must be paid, how they will be paid or transmitted and who has a right to any particular amount, the defense is placed in the middle of this dispute.

The defense has implored the parties to reach a resolution and has worked diligently

2

to try to help negotiate that resolution without success. The defense has proposed a two week extension after resolution of these issues, either by court intervention or by agreement of the parties to make payment. The Levy Firestone law firm has declined to grant that extension and demands immediate payment.

Cohen Milstein apparently agrees to this arrangement.

Alternatively, defense has proposed making payment to both law firms and to plaintiffs but that is not negotiable to Levy Firestone. The defense seeks the aid and direction of the court in resolving this matter. Upon resolution of this hearing, USAA requests two weeks to transmit the funds.

Briefing has been submitted by plaintiffs and the law firms requesting this court resolve the matter. Defendants join this request, further seeking aid and direction from the Court on payment of the settlement funds.

**ANNE SACOOLAS**
**and**
**JONATHAN SACOOLAS**
By Counsel

_____/s/_____

John D. McGavin, VSB No. 21794
Anna G. Zick, VSB No. 86057
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
jmcgavin@bmhjlaw.com
azick@bmhjlaw.com
Counsel for Defendants

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Enforce Resolution was served via efiling on the 27th day of October, 2021, on the following:

Steven J. Toll, Esq.
Agnieszka M. Fryszman, Esq.
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Stoll@cohenmilstein.com
Afryszman@cohenmilstein.com

Theodore J. Leopold, Esq.
Leslie M. Kroeger, Esq.
Poorad Razavi, Esq.
Cohen Milstein Sellers & Toll PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
prazavi@cohenmilstein.com

Robert F. Muse, Esq.
Daren H. Firestone, Esq.
Levy Firestone Muse LLP
1701 K Street, NW, Suite 350
Washington, DC 2006
rmuse@levyfirestone.com
dhf@levyfirestone.com

Jay Rohit Nanavati, Esq.
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
jnanavati@kflaw.com

/s/
John D. McGavin

4