UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CHARLOTTE CHARLES, *et al.*,

    Plaintiffs,

v.

ANNE SACOOLAS, *et al.*,

    Defendants.

Civil Case No. 1:20-cv-1052

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST

Plaintiffs hereby respectfully request an award of prejudgment interest on the undisputed portion of the funds Defendants were obligated to pay Plaintiffs by October 15, 2021, for the period commencing October 16, 2021.

On September 15, 2021, the Parties to this case signed a confidential agreement resolving this case ("Agreement"). Under the terms of the Agreement, Defendants and their insurance company, USAA Ltd., were to pay a sum to counsel for Plaintiffs within thirty days of the agreement, *i.e.*, by October 15, 2021. Defendants breached the Agreement by not making payment by that date. Plaintiffs filed a Motion to Enforce Resolution (ECF No. 87), which is scheduled for hearing on November 17, 2021. That Motion argues that Plaintiffs' prior counsel has no claim over a large portion of the amount Defendants are obligated to pay. Neither Defendants, nor prior counsel, have disputed this. Yet, Defendants have continued to hold the undisputed funds. Accordingly, the Court should not only grant the Motion to Enforce Resolution but should also require Defendants to pay interest on the undisputed funds.

## ARGUMENT

The decision whether to award prejudgment interest is in the Court's "sound discretion" and, in a diversity case such as this one, is governed by Virginia law. *Hitachi Credit Am. Corp. v. Signet Bank,* 166 F.3d 614, 633 (4th Cir. 1999). Virginia Code § 8.01-382 provides that the Court "may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." "The award of prejudgment interest is to compensate Plaintiff for the loss sustained by not receiving the amount to which he was entitled at the time he was entitled to receive it, and such award is considered necessary to place the [plaintiff] in the position he would have occupied if the party in default had fulfilled his obligated duty." *BioVeris Corp. v. Wohlstadter*, 69 F. Supp. 3d 574, 581 (W.D. Va. 2014) (alteration in original) (quoting *Marks v. Sanzo,* 231 Va. 350, 345 S.E.2d 263, 267 (1986)). The statutory prejudgment interest rate is 6 percent per annum. Va. Code Ann. § 6.2-302. "In exercising its discretion, district courts 'must weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate.'" *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 823 F. Supp. 2d 364, 366 (E.D. Va. 2011) (quoting *Moore Bros. Co. v. Brown & Root, Inc.,* 207 F.3d 717, 727 (4th Cir. 2000)).

Here, the equities favor an award of prejudgment interest to Plaintiffs. Plaintiffs have been deprived of the funds they were entitled to be paid by October 15, 2021. An award of prejudgment interest is justified to compensate Plaintiffs for their loss. *See Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 593 (E.D. Va. 2019) (awarding interest on the unpaid installments from the dates the payments became overdue). "[T]he party, denied use of money to which it is rightfully entitled, should be compensated for that loss, and full compensation includes interest." *Wells Fargo Equip. Fin., Inc.*, 823 F. Supp. 2d at 366 (awarding prejudgment interest to make the party "whole").

While "the existence of a bona fide legal dispute remains a factor courts may appropriately consider within their equitable determination," *id.* at 367, here, a large portion of the funds is *not* subject to any dispute at all, let alone a bona fide dispute. Defendants, in retaining the full amount of the funds owed Plaintiffs, have deprived Plaintiffs of the use of the undisputed portion of the funds. *See* Pls.' Mem. in Supp. of Mot. Enforce Resolution (ECF No. 88) at 3-4. Furthermore, even a bona fide legal dispute does not preclude the award of prejudgment interest, *see Wells Fargo Equip. Fin., Inc.*, 823 F. Supp. 2d at 367, and here the equities weigh in favor of Plaintiffs and fully compensating them.

Accordingly, Plaintiffs respectfully request that the Court award them prejudgment interest on the undisputed portion of the funds due by October 15, 2021, from the time that payment became overdue.

Dated: November 12, 2021        By:     /s/ Jay Rohit Nanavati

Jay Rohit Nanavati
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
202-875-8000
jnanavati@kflaw.com

Robert F. Muse
Daren H. Firestone
Levy Firestone Muse LLP
1701 K Street, NW
Suite 350
Washington, DC 20006
202-845-3215
rmuse@levyfirestone.com
dhf@levyfirestone.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 12, 2021, I electronically filed the Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Prejudgment Interest with the Clerk of the Court using ECF which sends notice to counsel of record.

Dated:  November 12, 2021                                     /s/ Jay Rohit Nanavati
                                                                                Jay Rohit Nanavati