UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE CHARLES and TIM DUNN, Individually and as Co-Administrators of the ESTATE OF HARRY DUNN, and NIALL DUNN, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE SACOOLAS and JONATHAN SACOOLAS, <br><br> Defendants. | Case No. 1:20-cv-01052 |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST

COME NOW the Defendants, Anne Sacoolas and Jonathan Sacoolas, by counsel, and in and for their Opposition to Plaintiffs' Motion for Prejudgment Interest states as follows:

### I. Introduction

The Parties entered into a confidential agreement resolving this case on September 15, 2021. Since that time, a significant dispute has arisen between the Plaintiffs' former law firm, Cohen, Milstein Sellers & Toll, PLLC, Plaintiffs' current law firm, Levy Firestone Muse LLP, and the plaintiffs' themselves regarding the attorneys' fee amount. Both firms have made threats of pursuing potential penalties against the defendants, their counsel, and the insurance company for the defendants, if the funds are improperly disbursed or paid. Both firms present different and competing claims. Given the nature of the dispute, pending motions, and threats to pursue penalties in the event of an improper disbursal, Defendants requested an extension of time for payment until two weeks after this Court resolves the competing claims for attorney's fees.

Alternatively, Defendants offered to make the checks payable to both firms and the Plaintiffs. Both proposals were rejected by Levy Firestone.

Plaintiffs now seek an award of "pre-judgment interest" against the Defendants. Plaintiffs' motion must be denied because no sum has been awarded by judgment or decree, Plaintiffs don't appear to actually seek pre-judgment interest, and the equities favor granting the Defendants' request for an extension for payment to two weeks after the court resolves the pending fee dispute between Plaintiffs' current and former counsel.

## II. Law and Argument

Virginia Code § 8.01-382 provides that in any "action at law or suit in equity, the final order, verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal **sum awarded**, or any part thereof, and fix the period at which the interest shall commence." (emphasis added). In this case, no sum has been awarded. No judge or jury considered the evidence and made an award. The parties engaged in confidential settlement discussions and reached a compromise. Any dispute regarding non-payment is a contract dispute. Virginia Code § 8.01-382 applies to verdicts, judgments and decrees. It is not a tool to allow for contract modification. Plaintiffs were in the best position to foresee a fee dispute and could have included terms to protect their interests, such as the accrual of interest if payment was untimely.

All of the cases cited by the Plaintiffs involve a **sum awarded** by the judge or jury. None of the cases order "pre-judgement interest" on a settlement payment.[1] Plaintiff relies principally on Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co., 823 F. Supp. 2d 364 (E.D. Va., 2011). In Wells Fargo, the U.S. District Court previously granted Wells Fargo's Motion for

---

[1] Although not cited by the Plaintiff, in Klein v. Klein, 2003 Va. App. LEXIS 621 (2003), the trial court awarded pre-judgment interest following the husband's failure to pay a settlement amount where the settlement agreement was incorporated into the final divorce decree. The settlement agreement in this case has not been incorporated into a final order.

Judgment on the Pleadings on Counts I and II and the parties stipulated to the amounts of recoverable damages. Id. at 366. On this record, the U.S. District Court then considered Wells Fargo's request for pre-judgment interest, determined pre-judgment interest was appropriate, set the date interest ran from the date State Farm sent its decision denying coverage, and entered final judgment.

The policy rationale for awarding pre-judgment interest is not applicable in this case because the parties reached a mutually acceptable agreement. First, there is a distinction between pre-judgment interest and post-judgment interest. Post-judgment interest is mandatory and accrues from the date of judgment.[2] Pre-judgment interest is discretionary, and in personal injury cases, can be awarded on any part of the principal sum, at a date to be determined. Pre-judgment interest is rarely awarded, but requires a judgment.

Plaintiffs are not seeking pre-judgment interest, i.e., interest from the date of the accident, or some other date prior to "judgment." Plaintiffs seek interest from the date they contend payment became due under the Settlement Agreement. This remedy is not available. Plaintiffs did not negotiate interest as part of the Settlement Agreement and Virginia Code § 8.01-382 does not authorize ordering interest under these circumstances. The plaintiffs and their current and former law firms have made the delay in closing this matter. The defense has been ready to honor the agreement and has tried to resolve this matter.

More fundamentally, however, the equities favor the resolution of the pending fee dispute before dispersing funds. The disputed motions were set for argument on October 29, 2021. Judge Ellis orally announced his recusal from the case at the hearing. The case was randomly reassigned to Judge Alston and set for hearing November 17, 2021. Due to conflicts for counsel, the hearing

---

[2] Plaintiffs do not seek post-judgment interest, presumably because there is no judgment.

was moved to November 18, 2021. Defendants' request for an extension of time to provide payment two weeks after the court has resolved the fee dispute is reasonable. Alternatively, Defendants proposed making payment to both law firms and the Plaintiffs, but that was not acceptable to Levy Firestone. Defendants have not caused the dispute or delay. The dispute between Plaintiffs, Plaintiffs' current and former counsel, along with the threats made to the defense to pursue penalties if the funds are "improperly" disbursed, have caused the delay.

Defendants seek instruction from the court on payment of the settlement funds. The Motion for prejudgment interest should be denied.

ANNE SACOOLAS<br>
and<br>
JONATHAN SACOOLAS<br>
By Counsel

\_\_/s/\_\_
John D. McGavin, VSB No. 21794
Anna G. Zick, VSB No. 86057
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@bmhjlaw.com
azick@bmhjlaw.com
Counsel for Defendants

Dorothy Ames Jeffress, VSB No. 36060
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5968
Facsimile: (202) 942-5999
Amy.jeffress@arnoldporter.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via efiling on the 17th day of November, 2021 on the following:

Jay R. Nanavati, VSB No. 44391
Kostelanetz & Fink, LLP
601 New Jersey Avenue, NW, Suite 260
Washington, D.C. 20001
jnanavati@kflaw.com
Telephone: (202) 875-8000
Facsimile: (202) 844-3500
*Counsel for Plaintiffs*

Robert F. Muse, *pro hac vice*
Daren H. Hirestone, *pro hac vice*
Ronald Kovner, *pro hac vice*
Rachel Clattenburg, *pro hac vice*
Levy Firestone Muse LLP
1701 K St. NW, Suite 350
Washington, D.C. 20006
rmuse@levyfirestone.com
dhf@levyfirestone.com
rk@levyfirestone.com
rmc@levyfirestone.com
Telephone: (202) 408-7041 (direct)
Facsimile: (202) 595-8253

/s/
John D. McGavin