**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CHARLOTTE CHARLES, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Case No. 1:20-cv-1052 |
| ANNE SACOOLAS, *et al.*, | |
| Defendants. | |

**NOTICE OF PLAINTIFFS' DECISION NOT TO CONSENT TO MEDIATION AND**
**REQUEST FOR DECISION AS A MATTER OF LAW**

Come now the plaintiffs, Charlotte Charles, Niall Dunn, and Tim Dunn, and respectfully give notice that after careful consideration, they do not consent to mediation. The plaintiffs request that the Court schedule oral argument as soon as the Court's schedule allows.

On November 18, 2021, the Court recommended that the parties consider submitting this dispute to mediation. After thoroughly discussing and carefully considering the prospect of mediation, the plaintiffs have decided that their position is irreconcilable with that of Cohen Milstein Sellers & Toll PLLC ("CMST"), and that mediation would therefore be futile.

**I.      This Dispute is Ready for Decision as a Matter of Law Because CMST Withdrew**
**from Representing the Plaintiffs.**

The plaintiffs are mindful of the Court's pandemic-related backlog and respectfully submit that the Court can now decide this dispute as a matter of law. As more fully set forth in the parties' earlier submissions, the contingent fee contract at issue provides that "the payment of the Attorneys' Fees and reimbursement of Costs and Expenses will be contingent upon the successful outcome of your claims. This means that we will be compensated for our services and

1

reimbursed for our costs and expenses only if we are successful in obtaining a recovery in this matter." There is no dispute that CMST exited the engagement without obtaining a recovery in this matter. For this reason alone, CMST is not entitled to a fee under the contract.

Virginia Code section 54.1-3932 does not change this. The statute exists to *protect* an attorney's contractual entitlement to a fee; it does not *create* such an entitlement. Section 3932 provides, "Any person having or claiming a right of action sounding in tort . . . may contract with any attorney to prosecute the same, and the attorney shall have a lien upon the cause of action as security for his fees . . . ." The only sensible interpretation of the statute is that the referenced "fees" are those arising under the "contract with any attorney." No fees arise under the plaintiffs' contract with CMST.

If CMST had contracted with the plaintiffs for an hourly fee, the statute would dictate a different outcome. With each hour of work, CMST would have accrued a contractual entitlement to a fee – a fee that section 3932 would have protected by a lien. But CMST did not contract for an hourly fee.

In 1977, the Virginia Supreme Court recognized an exception to section 3932's plain language in *Heinzman v. Fine, Fine, Legum, and Fine*, 217 Va. 958 (1977). To protect contingent fee attorneys from clients who would opportunistically and unjustly terminate them to avoid paying their fees, the Virginia Supreme Court held that when "an attorney employed under a contingent fee contract is *discharged without just cause*," the attorney can recover a *quantum meruit* fee. *Heinzman*, 217 Va. at 964 (emphasis added).

There is no dispute that CMST withdrew from representing the plaintiffs. Withdrawal simply does not satisfy *Heinzman*'s requirement of "discharge[] without just cause." For this

2

reason, the *Heinzman* exception to section 3932 is inapplicable, and CMST is not entitled to a fee as a matter of law.

**II.    If the Court Creates a New Exception to Section 3932 for "Constructive Termination," There Will Be a Factual Dispute for the Court to Resolve.**

No Virginia court has ever recognized an exception to section 3932 for "constructive termination." The application of such an exception would create new law. Should the Court decide to apply this doctrine to section 3932, however, the plaintiffs will vigorously dispute CMST's characterization of the attorney-client relationship and the circumstances leading to, and the consequences to the plaintiffs of, CMST's withdrawal. Further, if the Court decides that it is appropriate to take evidence at a hearing, the plaintiffs request that the Court allow the plaintiffs to engage in pre-hearing discovery of CMST's internal emails, memoranda, and other documents, related to 1) the amount of CMST's agreed contingency percentage (to rebut CMST's asserted 1/3 fee and proposed 30% total fee) and 2) the motivations for CMST's withdrawal (to rebut CMST's contention that they were constructively terminated rather than simply having decided that they no longer wanted to represent the plaintiffs).

For all of these reasons, the plaintiffs respectfully request that the Court find for the plaintiffs as a matter of law.

By:    s/ Jay Nanavati
Jay Rohit Nanavati
*Counsel for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2021, I electronically filed the foregoing with

the Clerk of the Court using ECF.


Dated:  December 1, 2021                                   s/ Jay Nanavati
                                                          Jay Rohit Nanavati