UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE CHARLES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE SACOOLAS, *et al.*, <br><br> Defendants. | Civil Case No. 1:20-cv-1052 <br><br> **UNDER SEAL** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO FILE UNDER SEAL THE CONSENT MOTION FOR AN INTERIM ORDER REQUIRING DISTRIBUTION OF SETTLEMENT FUNDS NOT IN DISPUTE, THE PROPOSED ORDER, AND THE MEMORANDUM IN SUPPORT THEREOF**

For the reasons that follow, and pursuant to Local Civil Rule 5(c), Plaintiffs respectfully move this Court for an Order sealing (1) the Consent Motion for an Interim Order Requiring the Distribution of Settlement Funds Not in Dispute; (2) the Proposed Order; (3) the Memorandum in Support thereof; and (4) this Memorandum in Support of the Motion to Seal.

1.  On September 15, 2021, the parties settled the claims in this case. The settlement agreement provides that the terms of the settlement, including the amount of the settlement, are to be kept ▓▓▓▓▓▓.

2.  Plaintiffs are filing a Consent Motion for an Interim Order Requiring Distribution of Settlement Funds Not in Dispute, and a Memorandum in Support thereof.

3.  The Motion, Memorandum in Support of the Consent Motion for an Interim Order Requiring Distribution of Settlement Funds Not in Dispute, the Proposed Order, and this Memorandum discuss the terms of the settlement agreement, including the amount of the settlement agreement and Defendants' obligations pursuant to the settlement agreement. By

1

agreement of the parties, this information is to be kept ███████. Public disclosure of the ███████ information in the Motion, the Memorandum in Support, the Proposed Order, and this Memorandum would violate the express terms of the settlement agreement.

4.  The parties' interests in keeping the terms of their private settlement ███████ outweigh the public's right of access to the Motion, Memorandum, Proposed Order, and this Memorandum. The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

5.  Furthermore, the three requirements for sealing set forth in *Ashcraft* have been met here. "[B]efore a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

6.  First, public notice has been satisfied by the filing of this unsealed Motion to Seal and the LCvR 5(c) Notice of Filing of a Motion to Seal.

7.  Second, redaction would not be a reasonable alternative because the focus of the Memorandum is the ███████ terms of the settlement.

8.  Finally, this Motion sets forth the specific reasons and facts supporting Plaintiffs' request to seal the documents. The Motion, Memorandum, Proposed Order, and this Memorandum reveal terms of the parties' private ███████ settlement agreement, which requires that the terms of the settlement agreement be kept ███████.

For all of these reasons, Plaintiffs respectfully request that the Court file under seal the Plaintiffs' Consent Motion for an Interim Order Requiring Distribution of Settlement Funds Not in Dispute, the Memorandum in Support, the Proposed Order, and this Memorandum.

In the alternative, Plaintiffs attach versions of the Motion for Interim Order and Memo in Support thereof with proposed redactions of information referring to the existence and terms of the settlement. Plaintiffs also attach fully redacted versions.

Respectfully submitted,

By:   */s/* Jay Rohit Nanavati
Jay Rohit Nanavati
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
202-875-8000
jnanavati@kflaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the ECF system, which notified counsel of record of the filing via electronic mail.

*/s/* Jay Rohit Nanavati
Jay Rohit Nanavati