UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CHARLOTTE CHARLES, *et al.*,

    Plaintiffs,

v.

ANNE SACOOLAS, *et al.*,

    Defendants.

Civil Case No. 1:20-cv-1052

**UNDER SEAL**

### LEVY FIRESTONE MUSE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL SUPPLEMENTAL EXHIBIT

For the reasons that follow, and pursuant to Local Civil Rule 5(c), Levy Firestone Muse LLP (LFM) respectfully moves this Court for an Order sealing the submission of its supplemental exhibit.

1. On September 15, 2021, the parties settled the claims in this case. The settlement agreement provides that the terms of the settlement, including the amount of the settlement, are to be kept ███████.

2. On January 12, 2022, the Court held a hearing on various motions under seal. As a result of that hearing, Levy Firestone Muse LLP is filing, under seal, a statement of expenses incurred in litigating the above captioned case on behalf of Plaintiffs.

3. The disclosure of expenses in this case implicates discussions under seal during the January 12, 2022 hearing. In addition, the disclosure of expenses implicitly discloses that the amount Defendants agreed to pay Plaintiffs in the ███████ settlement in this case exceeds the amount of the expenses. As a result, the disclosure of expenses could violate the ███████ of the settlement agreement.

1

4. The parties' interests in keeping the terms of their private settlement ███ outweigh the public's right of access to these filings. The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

5. Furthermore, the three requirements for sealing set forth in *Ashcraft* have been met here. "[B]efore a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

6. First, public notice has been satisfied by the filing of the unsealed Motion to Seal and the LCvR 5(c) Notice of Filing of a Motion to Seal.

7. Second, redaction would not be a reasonable alternative because the Supplemental Exhibit is simply an accounting of expenses and cannot be sensibly redacted.

8. Finally, this Memorandum sets forth the specific reasons and facts supporting LFM's motion to seal.

9. For all of these reasons, LFM respectfully requests that the Court file under seal the Supplemental Exhibit and this Memorandum.

Respectfully Submitted

By: /s/ Kerry Brainard Verdi
Kerry Brainard Verdi
Verdi & Ogletree PLLC
1325 G Street, N.W.

       Suite 500
Washington, DC 20005
202-449-7703
kverdi@verdiogletree.com
*Counsel for Levy Firestone Muse LLP*

Robert F. Muse
Daren H. Firestone
LFM LLP
1701 K Street, NW
Suite 350
Washington, DC 20006
202-845-3215
rmuse@levyfirestone.com
dhf@levyfirestone.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have filed the foregoing with the Clerk of the Court using the ECF system, which notified all parties of the filing via electronic mail.

       /s/ Kerry Brainard Verdi
       Kerry Brainard Verdi