UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE CHARLES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE SACOOLAS, *et al.*, <br><br> Defendants. | Civil Case No. 1:20-cv-1052 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO FILE UNDER SEAL THE MOTION TO AMEND THE COURT'S SEPTEMBER 30, 2022 ORDER, AND THE EXHIBIT ATTACHED THERETO**

For the reasons that follow, and pursuant to Local Civil Rule 5(c), Plaintiffs respectfully move this Court for an Order sealing (1) the Motion to Amend; and (2) and Exhibit attached thereto.

1. On September 30, 2022, the Court entered an Order in this case. The Order is sealed.

2. The Order contains a clerical error. Plaintiffs, therefore, are filing a Motion to Amend the Order, pursuant to Fed. R. Civ. P. 60(a), and Exhibit A in support.

3. The Motion to Amend and Exhibit A discuss the terms of the settlement agreement, including the amount of the settlement agreement, because they quote from the Court's sealed September 30, 2022 Order. By agreement of the parties, this information is to be kept confidential. Public disclosure of the confidential information in the Motion and the supporting Exhibit would violate the express terms of the settlement agreement.

1

4. The parties' interests in keeping the terms of their private settlement confidential outweigh the public's right of access to the Motion and supporting exhibit. The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

5. Furthermore, the three requirements for sealing set forth in *Ashcraft* have been met here. "[B]efore a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

6. First, public notice has been satisfied by the filing of this unsealed Motion to Seal and the LCvR 5(c) Notice of Filing of a Motion to Seal.

7. Second, redaction would not be a reasonable alternative because the focus of the Motion and Exhibit A is the confidential terms of the settlement.

8. Finally, this Motion sets forth the specific reasons and facts supporting Plaintiffs' request to seal the documents.

For all of these reasons, Plaintiffs respectfully request that the Court file under seal the Plaintiffs' Motion to Amend, and the Exhibit A attached thereto.

Respectfully submitted,

By:   /s/ Jay Rohit Nanavati
Jay Rohit Nanavati
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001

202-875-8000<br>
jnanavati@kflaw.com<br>
*Counsel for Plaintiffs*

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which notified counsel of record of the filing via electronic mail.

____/s/ Jay Rohit Nanavati_____<br>
Jay Rohit Nanavati